185 N.J. Super. 429 (1982)
449 A.2d 538
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT CHAVIES, DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN WILLIAM BROWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 27, 1982.
Decided May 12, 1982.
*430 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Stanley C. Van Ness, Public Defender, attorney for the appellants (Susan T. Sinins, Assistant Deputy Public Defender, of counsel and on the letter briefs).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for the respondent (James R. Zazzali, former attorney General of New Jersey; Frederick S. Cohen, Deputy Attorney General, of counsel and on the brief (A-2851-80-T4)).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for the respondent (Deborah Collins, Deputy Attorney General, of counsel and on the letter brief (A-3105-80-T4)).
PER CURIAM.
We have consolidated these two appeals from determinations of the Resentencing Panel on our own motion since they involve the identical legal issue. The question in both cases is whether a defendant sentenced to consecutive life sentences for multiple first degree murders prior to the enactment of the Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq., meets the threshold requirement prescribed by N.J.S.A. 2C:1-1 d(2) for resentencing relief.
*431 Defendant Albert Chavies was convicted in a series of four separate jury trials of five first degree murders, three in Essex County and two in Middlesex County. A single sentencing judge imposed all of the sentences which aggregated three consecutive life terms, the last of which was imposed in May 1976.
Defendant John William Brown was convicted of two first degree murders in a single jury trial in Cape May County and was sentenced to two consecutive life sentences in September 1974.
Both defendants argue that under the Code a life sentence for first degree murder constitutes an extended term as thereby defined. Since N.J.S.A. 2C:44-5 a prohibits the imposition of more than one extended term in a multiple sentencing proceeding, it is their contention that the consecutive life sentences imposed on them prior to the Code exceed the maximum sentences allowable by the Code for multiple first degree murders. We disagree.
It is our view that the argument defendants here project is foreclosed by State v. Maguire, 84 N.J. 508 (1980). The specific question in Maguire in the context of the threshold requirement of N.J.S.A. 2C:1-1 d(2) was whether a term of life imprisonment imposed for first degree murder prior to the Code exceeds the maximum sentence allowed by the Code for murder. In addressing this question the court concluded, first, that in making the comparison between the pre-Code sentence actually imposed and the maximum Code sentence imposable for the analogous offense, it is the "ordinary" maximum sentence allowed by the Code and not the extended term permitted thereby which controls. The court then determined that the primary import of the Code in respect of a term of life imprisonment for murder is to render that sentence discretionary rather than mandatory, as it was prior to the Code. But the present discretionary nature of that sentence does not render it an extended sentence pursuant to N.J.S.A. 2C:43-7.
*432 As the Supreme Court explained, an extended term under N.J.S.A. 2C:43-7 is imposable only pursuant to N.J.S.A. 2C:44-3, which permits imposition thereof only if defendant is a persistent offender, a professional criminal or committed the crime for consideration. Thus, the extended-term concept of the Code is invocable not on the basis of the nature of the crime but rather because of the status of the individual offender. Imposition of a discretionary sentence of life imprisonment for murder under the Code is not, however, dependent upon the offender's status but is rather primarily dependent on the nature of the offense. It is for this reason that the Supreme Court concluded that in the case of murder, life imprisonment is not an extended sentence within the intendment of N.J.S.A. 2C:43-7 but is rather the maximum "ordinary" sentence. The reasoning in Maguire compels us to conclude that the imposition of consecutive life sentences for multiple murders remains a viable "ordinary" sentencing option under the Code without reference to or implication of its extended-term mechanisms, conditions or procedures.
The interdiction by N.J.S.A. 2C:44-5 a of the imposition of more than one extended term in a multiple-offense sentencing obviously encompasses only those extended terms to which the criteria of N.J.S.A. 2C:44-3 apply. Since they do not apply to a life term for murder, then, as a matter of tautology, a life term for murder is not an extended term within the intendment of N.J.S.A. 2C:44-5 a. Thus, since consecutive life terms are the maximum allowable ordinary sentences imposable by the court for multiple murders, defendants have not met the threshold requirement of N.J.S.A. 2C:1-1 d(2).
The foregoing notwithstanding, we further note that the Resentencing Panel, unable to reach unanimity on the threshold question, considered whether or not there was in either case good cause for resentencing relief. It was the Panel's conclusion in both cases that good cause was not shown, and this conclusion is adequately supported by the record.
*433 The denial of resentencing relief to both defendants is affirmed.