STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. CHRISTO-
PHER SERRONE, DEFENDANT-RESPONDENT.

Argued October 25, 1983—Decided December 19, 1983.

*Deborah Collins,* Deputy Attorney General, argued the cause for appellant (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

*Susan T. Sinins,* Assistant Deputy Public Defender, argued the cause for respondent (*Joseph H. Rodriguez,* Public Defender, attorney; *Lois A. DeJulio,* First Assistant Deputy Public Defender, of counsel).

PER CURIAM.

A jury convicted defendant of two counts of murder in the first degree for stabbing to death John Cowan and his nine-year-old daughter Jacqueline in the course of a robbery in the Cowan home. The trial court sentenced the defendant to two consecutive life sentences, each with parole ineligibility terms of 25 years, for the two murders. The court also sentenced the defendant to a concurrent five-year term for theft of an automobile that the defendant had used to flee from the scene of the crime.

The defendant appealed. The Appellate Division affirmed the convictions, but vacated the two consecutive life sentences with

25-year parole ineligibility terms and remanded the cause to the trial court to resentence on the two murder convictions. The Appellate Division held that the New Jersey Code of Criminal Justice, *N.J.S.A.* 2C:1–1 *et seq.*, prohibited the imposition of two consecutive life sentences. We granted the State's petition for certification, 93 *N.J.* 309 (1983), and reverse.

The crucial error in the Appellate Division's rationale is its conception that a life sentence for first degree murder is a sentence for an "extended term" within the limitation of *N.J.S.A.* 2C:44–5(a)(3), which states that "[n]ot more than one sentence for an extended term shall be imposed." The Legislature did not intend that a life sentence for murder was an "extended term" as that phrase is used in *N.J.S.A.* 2C:44–5(a)(3), but rather that "extended term" in that section refers only to *N.J.S.A.* 2C:44–3, which defines the criteria for an "extended term." However, imposition of a life imprisonment sentence for murder is not based upon *N.J.S.A.* 2C:44–3. A life sentence for murder is really an ordinary sentence. It is a misnomer to call it an extended term. *State v. Hubbard,* 176 *N.J.Super.* 174, 183 (Resentencing Panel 1980) (Coleman, J., dissenting). We acknowledged as much in *State v. Maguire,* 84 *N.J.* 508 (1980), wherein we held that imposition of a life sentence for first degree murder was a maximum sentence allowed by the Code, irrespective of the enhancement criteria (persistent offender, professional criminal, or killer for hire) necessary to impose an "extended term" of imprisonment, *N.J.S.A.* 2C:44–3, in the sentencing for crimes other than murder.[1] We concluded in *Maguire* that a life sentence for murder could be imposed upon consideration of the aggravating factors set out in *N.J.S.A.*

---

[1] *N.J.S.A.* 2C:44–3 stated that "[t]he court may, upon application of the prosecuting attorney, sentence a person who has been convicted of a crime of the first, second or third degree to an extended term" when the defendant is a persistent offender, a professional criminal, or a killer for hire. As of February 12, 1981, *N.J.S.A.* 2C:44–3 was amended to add a fourth enhancement criterion for a second offender with a firearm. *L.*1981, *c.* 31, § 3.

2C:44–1(a) without regard to the offender-related criteria set forth in *N.J.S.A.* 2C:44–3.[2] 84 *N.J.* at 526. In this respect imposition of a life sentence for murder is not dependent upon the offender's status, but is primarily dependent on the nature of the offense. *See also In re Trantino Parole Application,* 89 *N.J.* 347, 375 n. 9 (1982) (noting that a life sentence may be imposed for murder without proof of the specific enhancement criteria provided for other offenses under *N.J.S.A.* 2C:44–3 and that if defendant had been guilty of two murders, "he might also have received a second sentence, to run consecutively, of either life imprisonment or 30 years with a minimum term of 15 years before becoming parole eligible").

Some confusion arose because, as originally enacted, *N.J.S.A.* 2C:11–3 provided for a sentence of 30 years for murder but stated that a court could impose an "extended term" which under *N.J.S.A.* 2C:43–7 would be 30 years to life. The phrase "extended term" in *N.J.S.A.* 2C:11–3, however, was not intended to trigger the bar on consecutive extended sentences in *N.J.S.A.* 2C:44–5(a)(3), since it was not imposed pursuant to the enhancement criteria of *N.J.S.A.* 2C:44–3. Whatever confusion resulted from the use of the phrase "extended term" was completely dissipated when the Legislature in enacting capital punishment amended *N.J.S.A.* 2C:11–3, effective August 6, 1982, by eliminating the reference to an "extended" sentence for murder under *N.J.S.A.* 2C:43–7. *L.*1982, *c.* 111, § 1. The amendments were part of the scheme to enact the death penalty and reaffirmed the Court's understanding of the statute. It may be contended that the amendment, having been enacted shortly after *Maguire,* represented a legislative endorsement of the Court's interpretation of the original act. 1A Sutherland, *Statutory Construction* § 22.31 at 184 (4th ed. Sands 1972).

---

[2]*N.J.S.A.* 2C:44–1(f) has been amended to provide for a presumptive term of life imprisonment for murder. *L.*1981, *c.* 290, § 40.

■ The Appellate Division disagreed with *State v. Chavies,* 185 *N.J.Super.* 429 (App.Div.1982), certif. den., 91 *N.J.* 269 (1982), which held that "in the case of murder, life imprisonment is not an extended sentence within the intendment of *N.J.S.A.* 2C:44–5(a)" and therefore that the "imposition of consecutive life sentences for multiple murders remains a viable 'ordinary' sentencing option without reference to or implication of its extended-term mechanisms, conditions or procedures." *Id.* at 432. We agree with the *Chavies* court that this result follows from the reasoning in *Maguire.* Recently another part of the Appellate Division came to the same conclusion. *State v. Houseman,* No. A–4651–81 T4 (App.Div. Nov. 16, 1983).

The Appellate Division below relied in large part on the comment in the New Jersey Criminal Law Revision Commission's Final Report on the New Jersey Penal Code that the proposed *N.J.S.A.* 2C:44–5(a)(3) was inconsistent with *State v. Maxey,* 42 *N.J.* 62 (1964), a pre-Code opinion that had upheld imposition of two consecutive life sentences for a defendant convicted of two counts of murder. The reliance is misplaced for the commentary referred to an earlier draft of *N.J.S.A.* 2C:11–3(b) that had characterized a life sentence for murder as an ordinary, not an extended, term. Accordingly, the comment that *State v. Maxey* was inconsistent with *N.J.S.A.* 2C:44–5(a)(3) cannot be interpreted to mean that the Code prohibits the imposition of two consecutive life sentences for murder, but that it prohibits the imposition of two consecutive life terms for crimes other than murder, which *Maxey* had made possible.

■ Murder is the most heinous and vile offense proscribed by our criminal laws. The Legislature has determined that the "societal interest in punishing the guilty is so strong" that the crime of murder has never been subject to a statute of limitations. *State v. Zarinsky,* 75 *N.J.* 101, 107 (1977). In dealing with this particularly egregious offense, great deference must be given to the legislative intent governing sentencing. The Legislature has not expressly or inferentially suggested an

intent to reduce the punishments for those convicted of multiple murders. On the contrary, the Code's [3] special and individualized treatment given to murder manifests the Legislature's intent that a defendant may be subject to a life term for every homicide of which he is found guilty. We are satisfied that the Legislature intended that a trial court was fully authorized to sentence a defendant who committed two murders to consecutive life sentences.

We reverse the judgment of the Appellate Division setting aside the consecutive life sentences and order that the sentencing of the trial court be reinstated.

GARIBALDI, Justice, dissenting.

Today, the Court upholds the imposition of two consecutive life sentences, each subject to a parole ineligibility period of 25 years, for two murders. I believe that the sentence imposed is illegal under the law in effect at the time of the offenses and must be vacated.

Defendant, Christopher Serrone, was convicted of two counts of murder in the first degree in violation of *N.J.S.A.* 2C:11–3 a(3). *N.J.S.A.* 2C:44–5 a(3) expressly prohibits the imposition of consecutive sentences for extended terms. The essential issue is whether the Legislature intended a life term for murder to be an extended term within the provisions of *N.J.S.A.* 2C:44–5a(3), which prohibits the imposition of more than one extended term. *See State v. Maguire*, 84 *N.J.* 508 (1980) (task of Supreme Court to effectuate legislative intent). The majority believes that the policy of the sentencing statute indicates a legislative intent that a life term for murder is *not* an extended term. I disagree. I find the language of the relevant statutes

---

[3]*N.J.S.A.* 2C:43–7 formerly singled out murder from other crimes of the first degree in fixing the duration of an extended term by authorizing the court to impose a sentence of between 30 years and life imprisonment, whereas in other crimes of the first degree the sentence could be fixed between 20 years and life imprisonment.

to be clear in disallowing the imposition of consecutive life sentences, and the legislative intent to be ambiguous at best.

The plain and unambiguous language of *N.J.S.A.* 2C:11–3 b in effect when these crimes occurred establishes that the Legislature intended life imprisonment imposed for a murder to be an "extended" term.

*N.J.S.A.* 2C:11–3 b provided, in part:

b.  Murder is a crime of the first degree but a person convicted of murder may be sentenced by the court (1) to a term of 30 years of which the person must serve 15 years before being eligible for parole, or (2) as in a crime of the first degree except that the maximum term for such a crime of the first degree shall be 30 years. *Nothing contained in this subsection shall prohibit the court from imposing an extended term pursuant to 2C:43–7 for the crime of murder* (emphasis added).

It is difficult to conceive of any more specific language the Legislature could have used to hold that life imprisonment for murder was not an ordinary sentence under *N.J.S.A.* 2C:11–3 b, but was an "extended" term.

Further confirmation of the Legislature's intent is found in the equally plain language of *N.J.S.A.* 2C:43–7a(1), referred to in *N.J.S.A.* 2C:11–3(b), which before it was amended in 1982 provided, in part:

2C:43–7.  Sentence of Imprisonment for Crime; Extended Terms

a.  In the cases designated in section 2C:44–3 or *2C:11–3,* a person who has been convicted of a crime may be sentenced to an *extended term of imprisonment,* as follows:

(1) In the case of a crime sentenced under 2C:11–3 for a specific term of years which shall be between 30 years and life imprisonment * * * (emphasis added).

Given the unambiguous language of these statutes and the specific reference to each other in the statutes, it is difficult to understand the majority's position that the legislative intent in some fashion twists these statutes so they mean the opposite of what they plainly state.

In view of the specific reference in *N.J.S.A.* 2C:11–3b to life imprisonment for murder as an "extended" term, and the prohibition against such terms in *N.J.S.A.* 2C:44–5(a)(3), there is no room for tortured judicial interpretation.  As this Court said in *State v. Maguire, supra,* 84 *N.J.* at 528: "It is a settled rule of

statutory construction that if the language chosen by the legislature is plain and the result is not contrary to *obvious* legislative intent, 'the sole function of the court is to enforce it according to its terms.' *Sheeran v. Nationwide Mutual Ins. Co., Inc.,* 80 *N.J.* 548, 556 (1979), quoting *Caminetti v. United States,* 242 *U.S.* 470, 485, 37 *S.Ct.* 192, 194, 61 *L.Ed.* 442, 452 (1917)."

I am convinced from the clear and unambiguous language of the applicable Code provisions that a life sentence for first degree murder constitutes an extended term within the scope and meaning of *N.J.S.A.* 2C:44–5 a(3). By enacting these provisions, our Legislature unquestionably intended to preclude the imposition of consecutive life sentences for multiple murders and thereby overrule the holding in *State v. Maxey,* 42 *N.J.* 62 (1964), that such sentences were not illegal. That such was their intent is apparent from the New Jersey Criminal Law Revision Commission's Final Report on the New Jersey Penal Code. That document stated in part that, *"State v. Maxey,* supra, which allows consecutive life sentences and allows a term of years consecutive to a life sentence is inconsistent with Subsections (3) and (4)." II Final Report of the New Jersey Criminal Law Commission, the New Jersey Penal Code, Commentary to § 2C:44–5, at 335–336 (1971). In this sentence the Commission was referring to *N.J.S.A.* 2C:44–5a(3).

The majority argues that the statement of the Commission does not refer to murder, since at the time of the comment 2C:11–3b referred to life imprisonment as the *ordinary* sentence to be imposed in the case of a murder conviction. This argument should be turned around; at the time that the Commission Report came out, the prohibition against consecutive life sentences was predicated upon the draft language:

SECTION 2C:44–5. MULTIPLE SENTENCES: CONCURRENT AND CONSECUTIVE TERMS.

a. *Sentences of Imprisonment for More Than One Offense.* When multiple sentences of imprisonment are imposed on a defendant for more than one offense, including the offense for which a previous suspended sentence or sentence of probation has been revoked, such multiple sentences shall run

concurrently or consecutively as the Court determines at the time of sentence, except that:

(1) a term to a State penal or correctional institution and a definite term to a county institution shall run concurrently or consecutively as the Court determines at the time of sentence, except that:

(2) the aggregate of consecutive terms to a county institution shall not exceed eighteen months; and

(3) the aggregate of consecutive terms shall not exceed the longest extended term authorized for the highest grade and degree of crime for which any of the sentences was imposed; and

(4) not more than one sentence for an extended term shall be imposed.

The commentary therefore concluded: "*State v. Maxey, supra,* which allows consecutive life sentences and allows a term of years consecutive to a life sentence is inconsistent with subsection a(3) and (4)." Commentary to § 2C:44–5, *supra,* at 335–336. After the Commission Report was issued, the Legislature deleted subsection a(3), set forth above, which prohibited aggregate consecutive terms longer than the longest extended term authorized for the highest crime, and changed life imprisonment to a permissible "extended" term for murder. At the same time the Commission retained the prohibition of a(4) against consecutive extended terms. From this sequence of amendments, one can argue that the Legislature specifically addressed this issue and, having eliminated the ban on any consecutive terms longer than life, included murder within the *N.J.S.A.* 2C:44–5a(3) multiple extended term prohibition.

Further, I can find nothing in either the statutes or the legislative history of the Code that indicates an intent to have the extended term provisions apply only when such a term is imposed pursuant to the *N.J.S.A.* 2C:44–3 enhancement criteria.[1] Rather, it is clear from the language of *N.J.S.A.* 2C:43–7a and

---

[1]Footnote 9 in *In re Trantino Parole Application,* 89 *N.J.* 347, 375 n. 9 (1982), states, "[s]ince Trantino was guilty of two murders, he might also have received a second sentence, to run consecutively, of either life imprisonment or 30 years with a minimum term of 15 years before becoming parole eligible. *See N.J.S.A.* 2C:11–3(b); 2C:44–5(a)." This note, although in agreement with the majority opinion in the present case, was mere dictum in *Trantino* and adds nothing to the current analysis.

from this Court's opinion in *Maguire, supra,* that 2C:44–3 and 2C:11–3 were intended to be alternative routes to the imposition of extended terms under the Code.

The fact that the Code was amended in 1982, eliminating the reference to life imprisonment for murder as an extended term and deleting the reference to sentencing for murder under *N.J.S.A.* 2C:43–7, sheds no possible light on this case. The intent of a new and different legislature may not be imputed to a prior legislature's acts.

It is axiomatic that penal statutes are to be narrowly construed to protect defendants' rights. *See Neeld v. Giroux,* 24 *N.J.* 224, 229 (1957) (Weintraub, J.) (penal statutes to be strictly construed and not to create liability when words of statute not clear in fixing it); *see also State v. Carbone,* 38 *N.J.* 19, 24 (1962) (Weintraub, C.J.) (criminal statute not to be extended by tenuous interpretation beyond fair meaning of its terms).[2] Today's decision imposes liability through tortured construction of a statute that the majority admits has resulted in confusion. Such construction is in direct conflict with past efforts of this Court not to punish defendants under a statute that does not

---

[2] The rules of construction incorporated within the new code do not alter these rules of statutory interpretation. *See*

2C:1–2. Purposes; principles of construction

\* \* \* \* \* \* \* \*

b. The general purposes of the provisions governing the sentencing of offenders are:

\* \* \* \* \* \* \* \*

(5) To give fair warning of the nature of the sentences that may be imposed on conviction of an offense;

\* \* \* \* \* \* \* \*

c. The provisions of the code shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this section and the special purposes of the particular provision involved. The discretionary powers conferred by the code shall be exercised in accordance with the criteria stated in the code and, insofar as such criteria are not decisive, to further the general purposes stated in this section.

fairly apprise them of the applicable law or provide officials with guidelines sufficient to prevent arbitrary enforcement.

In conclusion, I would affirm the Appellate Division because the language of the statutes herein concerned is too plain and unambiguous to allow the majority's interpretation. In the absence of any clear, contrary legislative intent, I would not impose a criminal sentence that is significantly harsher than that which the plain wording of the statutes allow.

Justice O'HERN joins in this opinion.

*For reversal*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER and POLLOCK—5.

*For affirmance*—Justices GARIBALDI and O'HERN—2.