195 N.J. Super. 135 (1984)
478 A.2d 432
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN YARBOUGH AND JUDY WILSON SMITH, A/K/A JUDY YARBOUGH, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1984.
Remanded May 8, 1984.
Reargued June 28, 1984.
Decided July 16, 1984.
*138 Before Judges MATTHEWS, GAULKIN and SHEBELL.
Richard J. Kaplow argued the cause for appellants (Weinberg & Manoff, P.A., attorneys).
Jane A. Grall, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General, attorney).
The opinion of the court was delivered by GAULKIN, J.A.D.
*139 By opinion of May 8, 1984,[1] we affirmed the convictions of defendants John Yarbough and Judy Wilson Smith but remanded the matter for reconsideration of sentence in light of State v. Hodge, 95 N.J. 369 (1984), and State v. Roth, 95 N.J. 334 (1984). We retained jurisdiction and now must review the sentences imposed on the remand.
Both Yarbough and Smith were found guilty of three counts of first-degree aggravated sexual assault (N.J.S.A. 2C:14-2) upon Smith's 11 year old daughter Kimberly, and four counts of third-degree hindering apprehension by concealment and by giving false information (N.J.S.A. 2C:29-3(a)(3), (7); N.J.S.A. 2C:29-3(b)(1), (4)).[2] The Adult Diagnostic and Treatment Center found that neither defendant came "under the purview of the New Jersey Sex Offender Act." See N.J.S.A. 2C:47-3. Yarbough was initially sentenced on the aggravated sexual assault convictions to three consecutive 20 year terms, each with a 10 year parole ineligibility period. On the hindering apprehension by concealment convictions he was sentenced to 4 year terms, each with 2 years of parole ineligibility, to be served consecutive to each other and to the aggravated sexual assault sentences; on the false information convictions he was given concurrent 4 year terms, with 2 years of parole ineligibility. His sentences thus aggregated 68 years with 34 years of parole ineligibility.
Smith was sentenced on her aggravated sexual assault convictions to three consecutive custodial terms of 15 years, each with 7 years of parole ineligibility; on each of the remaining convictions she was sentenced to a 4 year term, with 2 years of *140 parole ineligibility, all concurrent with each other and with the aggravated sexual assault sentences. Accordingly, her sentences aggregated 45 years with 21 years of parole ineligibility.
At the hearing on remand, the trial judge initially concluded that "what I did was right." After a short recess and "just to make sure that the ends of justice are served" he said he would modify Yarbough's sentence by reducing the first aggravated assault sentence to 15 years with 7 years of parole ineligibility, thus reducing the aggregate sentence to 63 years with 31 years of parole ineligibility. But because the defendants were not then in court, the judge deferred resentencing.
In resentencing Yarbough a week later, the judge imposed a 15 year custodial term with 5 years of parole ineligibility on the first aggravated sexual assault conviction; as to Smith he imposed a 15 year custodial term with 5 years of parole ineligibility on the first aggravated sexual assault conviction. The original sentences were otherwise not disturbed.
Yarbough thus stands sentenced to a total of 63 years with 29 years of parole ineligibility and Smith to a total of 45 years with 19 years of parole ineligibility. Both defendants challenge those sentences as excessive.

I.
Our review of the sentences requires that we determine (1) whether the legislatively fixed sentencing guidelines were followed, (2) whether the aggravating and mitigating factors found below were based upon competent, credible evidence in the record and (3) whether application of the guidelines to the facts of this case makes the sentence clearly unreasonable so as to shock the judicial conscience. State v. Roth, supra, 95 N.J. at 363-64, 365-66. We find both sentences vulnerable under each of these tests.
The sentencing guidelines fixed in the Code of Criminal Justice (Code) are clear. A presumptive sentence of 15 years applies to each conviction for first-degree aggravated sexual *141 assault; a 4 year presumptive sentence applies to each conviction for third-degree hindering apprehension and giving false information. N.J.S.A. 2C:44-1(d), (f)(1); N.J.S.A. 2C:44-5(f)(1). Only upon a finding of "preponderance of aggravating factors or preponderance of mitigating factors" (N.J.S.A. 2C:44-1(f)(1); see N.J.S.A. 2C:44-1(a), (b)) could the judge impose a sentence, other than the presumptive sentence, of not less than 10 years and not more than 20 years for the first-degree offenses and not less than 3 nor more than 5 years for the third-degree offenses. N.J.S.A. 2C:43-6(a)(1), (3). The judge could also impose parole ineligibility terms, but only if he was "clearly convinced" that aggravating factors "substantially outweigh[ed]" mitigating factors. N.J.S.A. 2C:43-6(b).
The record does not persuade us that the trial judge recognized or applied these principles. Before his original sentencing of Yarbough, the judge merely characterized Yarbough's crimes as "lecherous, debasing, vile, debauchery of an 11 year old child," "obscene criminality" and the like and said that "the severity of your crime demands that you be given the ultimate punishment...." After imposing the sentences, the judge supplemented his statement of reasons as follows:
What I have done frankly is to punish you to the extent of making sure you shall spend the same period of time that you are presently on this earth in jail as punishment for what you have scarred an 11 year old for permanently. You should spend 34 years in jail before you shall be eligible for parole. And as I said before I have no hesitation in assessing that penalty and punishment against you.
Before sentencing Smith, the trial judge was only marginally more explanatory. He characterized her crimes as "the repeated rapes of your own blood" and "one of the most reprehensible crimes that anyone can know...." Because the crimes evidenced "insensitivity" to Smith's parental responsibilities, the judge found that "the fact that you have no criminal background really has no relevance in what I shall do by way of sentencing." The judge also inferred that "the injuries inflicted upon your daughter were not only physical but psychological and ... she will probably bear the scars for a long time if not *142 for the rest of her life." After imposing sentence, the judge gave the following reasons:
I have done what I have done because I have said you willingly permitted almost an unnatural act. You have destroyed your role as mother in destroying your daughter. And for that you have to be punished. Rehabilitation, you are beyond rehabilitation in that context. Therefore, you should be punished.
On the remand, the trial judge engaged counsel in a lengthy colloquy about Roth and Hodge and the statutory criteria there discussed. But in ruling on the motion for reconsideration, he again did little more than characterize what the jury had found. He said that defendants had "raped [the] child," that they "had actively conspired" to do so and that they also "conspired to and did seek to hinder the prosecution...." He concluded that if Yarbough were not incarcerated he would continue "those predatory ways upon another young child"; as to Smith, the judge said only that "in my opinion that mother forfeited her right to be a mother." His announced determination to reimpose the sentences originally fixed was because "[t]he crime to me is the most aggravating of all aggravating factors." Although the judge later amended the sentences slightly, he did not give any further reasons except that he was giving each defendant "the benefit" of the "presumptive" sentence for the first criminal act.
Only by the most indulgent reading of the record, then, can we infer that the trial judge even addressed the aggravating and mitigating factors specified in N.J.S.A. 2C:44-1(a) and (b). Neither in the original sentencing nor on remand did he purport to weigh aggravating and mitigating factors as a predicate for extending the presumptive terms; nor did he consider whether aggravating factors substantially outweighed mitigating factors so as to justify minimum parole ineligibility terms.[3]
*143 The problem is not merely that the trial judge failed to intone the right words to justify his sentences. Clearly the most significant determinant of the sentences was his view of the nature of the crimes. The intensity of his personal revulsion is dramatically expressed throughout the sentencing transcripts. Those feelings of outrage are understandable, but they cannot be permitted to displace the guidelines of the Code, which are designed to permit deviation from presumptive terms "only within certain strictures." Roth, supra, 95 N.J. at 359.
The Legislature has designated as first-degree aggravated sexual assault any sexual penetration of a child under 13 years of age. N.J.S.A. 2C:14-2(a)(1). Such a crime, the Legislature has determined, presumptively calls for a 15 year custodial sentence without any period of parole ineligibility. N.J.S.A. 2C:44-1(f)(1). If we infer from the trial judge's comments that he found the "nature and circumstances of the offense" to be an aggravating factor (N.J.S.A. 2C:44-1(a)(1)), we must also recognize that the circumstances he articulated were essentially those which led the Legislature to categorize defendants' acts as first-degree crimes. The aggravating and mitigating factors recited in N.J.S.A. 2C:44-1 are intended to afford a flexible, but limited, range of sentences based upon individual circumstances which distinguish the particular offense from other crimes of the same nature. If we are to attain "a predictable degree of uniformity in sentencing" (Hodge, supra, 95 N.J. at 379), we cannot permit a sentencing judge's personal attitude about a given kind of crime to justify his deviation from the presumptive sentence fixed by the Legislature.
We might also infer that the trial judge found as aggravating factors that the sexual assaults involved victimization of an 11 year old child (N.J.S.A. 2C:44-1(a)(2)), that sexual assaults on 11 year old children require deterrence (N.J.S.A. 2C:44-1(a)(9)) *144 or that any lesser sentences would depreciate the seriousness of such offenses (N.J.S.A. 2C:44-1(a)(4)). But such findings can apply to all first-degree sexual assaults under N.J.S.A. 2C:14-2(a)(1); in the absence of some articulation of particular differentiating elements of the present offenses, we cannot know whether the trial judge in fact found any aggravating factors or, if he did, whether they are adequately based in the record.
The failure of the trial judge to articulate and weigh aggravating and mitigating factors thus leaves us without any sound basis to find affirmatively that he followed the Code guidelines; and, since we do not know what factors he relied on, we surely cannot determine whether there is competent credible evidence in the record to support them. But we do find that both sentences are clearly unreasonable so as to shock our conscience.
The maximum sentence permitted under the Code for first-degree aggravated sexual assault is 20 years with 10 years of parole ineligibility. That sentence was, as to Yarbough, almost tripled, and as to Smith, almost doubled, by the imposition of consecutive sentences. To be sure, a defendant can lawfully be charged, convicted and sentenced for multiple crimes committed in a continuous course of conduct. State v. Vance, 112 N.J. Super. 479, 481 (App.Div. 1970), certif. den. 58 N.J. 97 (1971); State v. Cox, 101 N.J. Super. 470, 475 (App.Div. 1968), certif. den. 53 N.J. 510 (1969). It is also true that the Code does not establish any guidelines which restrict the court's discretion in imposing consecutive sentences.[4]Cf. State v. Maxey, 42 N.J. 62 (1964); see also State v. Serrone, 95 N.J. 23 (1983). But "judges must exercise careful, common sense discretion in imposing punishment for ... multiple offenses in order to ensure that the pyramiding of sentences does not *145 offend notions of fairness or cruel and unusual punishment." State v. Juliano, 52 N.J. 232, 236 (1968). The aggregate sentences must bear a reasonable relationship to the total course of conduct.
A cumulation of multiple sentences is appropriate where a defendant's repeated criminality evidences an enhanced risk to the safety of the public. See ABA Project on Standards for Criminal Justice, "Standards Relating to Sentencing Alternatives and Procedures," § 3.4 (Approved Draft 1968). Consecutive sentences in such a setting would have a function comparable to the extended terms authorized by N.J.S.A. 2C:44-3(a) and (b) for persistent offenders and professional criminals. Multiple sentences should not be endlessly cumulated, however, just because a single course of conduct can be fractioned into a number of separate crimes. "Standards Relating to Sentencing Alternatives and Procedures," supra, § 3.4(b), comment c.
Defendants were convicted of three sexual assaults which occurred between February and August 1982. Those offenses were presented to the jury in three counts because the child could specifically recall the first and last assaults and also testified that other assaults occurred "a lot of times" in between. Surely the repetitive nature of the assaults should play a significant role in the sentencing decision. But each repetition of the assault does not justify a separate and additional penalty. Not only is it entirely fortuitous how many individual events can be proved, but more importantly each repetition of the offense cannot be said to evidence a further criminal purpose or an enhanced criminal risk warranting a full measure of additional penalty.
The defendants' initial assault established both their criminal purpose and the risk that they presented to the child. The repetitions of that act represent a confirmation rather than an expansion of that criminal purpose and risk. In that setting, consecutive sentences which double and triple the sanction for a *146 single first-degree aggravated sexual assault are disproportionate to the course of conduct. Nor is there anything in defendants' prior history to justify such a pyramiding of sentences. Yarbough's prior record is somewhat unclear, but his presentence report discloses only a six month supervisory term for battery and "mob action" in Illinois; Smith has no prior criminal record.
We requested the Administrative Office of the Courts to compile records of recent sentences in comparable cases. Those records disclose that 38 persons were sentenced in 1983 for first-degree aggravated sexual assault where the victim was 13 years old or less. In 31 of those cases, multiple assaults had apparently occurred, yet in only 3 were multiple convictions entered; only in the present case were consecutive sentences imposed for separate assaults on the same victim. Moreover, of the 38 persons thus sentenced only 12, including Yarbough and Smith, were given parole ineligibility terms; with one exception, the other parole ineligibility terms were less than 10 years. The one excepted person was convicted of three separate rapes of two young children to whom he was a stranger; his conduct was found to be "characterized by a pattern of repetitive, compulsive behavior" (N.J.S.A. 2C:47-3(a)) and he was sentenced to a 25 year parole ineligibility term.
Sentences imposed in other cases are, of course, not a certain guide since the circumstances framing each sentence are unique. But in the effort to assure a predictable degree of uniformity in sentencing (Hodge, supra, 95 N.J. at 379), we ought to consider the evidence of sentencing patterns available to us. Cf. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). That evidence confirms our view that the aggregate sentences here are unreasonable and excessive.

II.
Since we have already once asked the trial judge to reconsider the sentences, it would be inappropriate to ask him to do so again. We have thoroughly reviewed the record of the trial *147 court proceedings as well as the presentence reports and accordingly shall exercise our original jurisdiction to resentence. R. 2:10-5; see N.J.S.A. 2C:44-7.

(a) John Yarbough
Each of the three first-degree aggravated sexual assault convictions carries a presumptive 15 year sentence. N.J.S.A. 2C:44-1(f)(1). We are clearly convinced, however, that the aggravating factors substantially outweigh the mitigating factors so as to warrant both enhanced sentences and parole ineligibility terms for those crimes. Each of the assaults involved an act of vaginal intercourse; Yarbough used force and threats of force against a child incapable of exercising normal powers of resistance; he also grossly misused and took advantage of his in loco parentis role; each assault unquestionably caused additional harm and the aggregate harm to the child was grave and serious. See N.J.S.A. 2C:44-1(a)(1), (2) and (4). The only mitigating factor is that defendant has no significant history of prior unlawful activity. N.J.S.A. 2C:44-1(b)(7). But that factor is of little significance in light of the persistent victimization of the child.
The four convictions for hindering prosecution and giving false reports represent an entirely distinct and further course of criminal activity by Yarbough. Each of those offenses carries a presumptive term of 4 years. But again the aggravating factors substantially outweigh the mitigating factors. Yarbough hid the child from law enforcement and social agencies which sought her protection; given the treatment the child had already received at his hands, that conduct carried with it a profound risk of harm; moving and hiding the child was a further corruption of his in loco parentis role and a further victimization of a vulnerable child. See N.J.S.A. 2C:44-1(a)(1), (2) and (4). Again, the absence of a prior record does not weigh heavily against that showing.
Based upon that weighing of aggravating and mitigating factors, we sentence Yarbough to the custody of the Commissioner *148 of the Department of Corrections for the following terms:

Count III: Aggravated sexual assault (N.J.S.A. 2C:14-2). A term of 20 years with a minimum term of 10 years during which defendant shall not be eligible for parole.[5]

Count V: Aggravated sexual assault (N.J.S.A 2C:14-2). A term of 20 years, with a minimum term of 10 years during which defendant shall not be eligible for parole, to be served concurrently with the sentence imposed on Count III.

Count VII: Aggravated sexual assault (N.J.S.A. 2C:14-2). A term of 20 years, with a minimum term of 10 years during which defendant shall not be eligible for parole, to be served concurrently with the sentences imposed on Counts III and V.
We impose concurrent sentences on these three convictions for the reasons expressed earlier in this opinion.

Count XII: Hindering apprehension (N.J.S.A. 2C:29-3(a)(3)). A term of 4 years, with a minimum term of 2 years during which defendant shall not be eligible for parole, to be served consecutive to the sentences imposed on Counts III, V and VII.

Count XIII: Hindering apprehension (N.J.S.A. 2C:29-3(b)(1)). A term of 4 years, with a minimum term of 2 years during which defendant shall not be eligible for parole, to be served concurrently with the sentence imposed on Count XII.

Count XIV: Giving of false information (N.J.S.A. 2C:29-3(a)(7)). A term of 4 years, with a minimum term of 2 years during which defendant shall not be eligible for parole, to be served concurrently with the sentences imposed on Counts XII and XIII.

Count XV: Giving of false information (N.J.S.A. 2C:29-3(b)(4)). A term of 4 years, with a minimum term of 2 years during which defendant shall not be eligible for parole, to be served concurrently with the sentences imposed on Counts XII, XIII and XIV.
We impose concurrent sentences on these four convictions because they represent essentially different facets of a single and brief course of conduct; but we have made them consecutive to the aggravated assault sentences because, as we have already said, they evidence a different and further criminal purpose, risk and harm.

*149 (b) Judy Wilson Smith

Smith was convicted of aiding and abetting Yarbough in committing the aggravated sexual assaults. Each of the aggravating factors we have identified with respect to Yarbough is equally applicable to Smith and the only mitigating factor is the absence of any prior history of delinquency or criminal activity. Accordingly we are again clearly convinced that the aggravating factors substantially outweigh the mitigating factors; however, Smith's secondary role in initiating and perpetrating the crimes justifies the imposition of somewhat lesser sentences than those imposed on Yarbough.
With respect to the four convictions for hindering prosecution and giving false reports, on the other hand, Smith's involvement and culpability are no different than Yarbough's. The aggravating factors are those we have found for Yarbough and we again find that they substantially outweigh in significance the one mitigating factor, the absence of any prior criminal history.
Based upon that evaluation of aggravating and mitigating factors, we sentence Smith to the custody of the Commissioner of the Department of Corrections for the following terms:

Count III: Aggravated sexual assault (N.J.S.A. 2C:14-2). A term of 15 years with a minimum term of 5 years during which defendant shall not be eligible for parole.

Count V: Aggravated sexual assault (N.J.S.A. 2C:14-2). A term of 15 years, with a minimum term of 5 years during which defendant shall not be eligible for parole, to be served concurrently with the sentence imposed on Count III.

Count VII: Aggravated sexual assault (N.J.S.A. 2C:14-2). A term of 15 years, with a minimum term of 5 years during which defendant shall not be eligible for parole, to be served concurrently with the sentences imposed on Counts III and V.
We impose concurrent sentences on these three convictions for the reasons expressed earlier in this opinion.

Count XVI: Hindering apprehension (N.J.S.A. 2C:29-3(a)(3)). A term of 4 years, with a minimum term of 2 years during which defendant shall not be eligible for parole, to be served consecutive to the sentences imposed on Counts III, V and VII.

*150 Count XVII: Hindering apprehension (N.J.S.A. 2C:29-3(b)(1)). A term of 4 years, with a minimum term of 2 years during which defendant shall not be eligible for parole, to be served concurrently with the sentence imposed on Count XVI.

Count XVIII: Giving of false information (N.J.S.A. 2C:29-3(a)(7)). A term of 4 years, with a minimum term of 2 years during which defendant shall not be eligible for parole, to be served concurrently with the sentences imposed on Counts XVI and XVII.

Count XIX: Giving of false information (N.J.S.A. 2C:29-3(b)(4)). A term of 4 years, with a minimum term of 2 years during which defendant shall not be eligible for parole, to be served concurrently with the sentences imposed on Counts XVI, XVII and XVIII.
We impose concurrent sentences on these four convictions, and we make them consecutive to the aggravated sexual assault sentences, for the same reasons we have expressed in sentencing Yarbough.

* * * * * * * *
The sentences are thus amended to impose, as to Yarbough, an aggregate of 24 years with 12 years of parole ineligibility and, as to Smith, 19 years with 7 years of parole ineligibility. We regard those sentences to represent appropriate sanctions for the total course of conduct engaged in by defendants.
The judgment of conviction is amended as herein set forth. The matter is remanded to the Law Division for entry of an appropriate amended judgment.
NOTES
[1] Judge Matthews did not participate in that phase of the appeal.
[2] Each defendant was also found guilty of two counts of conspiracy and three counts of endangering the welfare of Kimberly; those convictions were merged at sentencing. Charges of possession and use of a firearm were dismissed during trial.
[3] At the resentencing the trial judge described as "presumptive" sentences the amended 15 year sentences, each with 5 years of parole ineligibility, he imposed for the first sexual assault. Since the judge did not make any findings in support of those terms, we may infer that he regarded that parole ineligibility terms can be attached to presumptive terms as a matter of course. Such a view is clearly erroneous. See Roth, supra, 95 N.J. at 359.
[4] N.J.S.A. 2C:44-5(a) provides that "multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence...." Recent amendments to this section have not altered this particular provision. See L. 1983, c. 462, § 1.
[5] We find no bar to this reimposition of the original sentence, which had been reduced by the trial judge on the remand. See State v. Giorgianni, 189 N.J. Super. 220 (App.Div.), certif. den. 94 N.J. 569 (1983).