605 A.2d 740

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
PRINTES JENKINS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 23, 1992—Decided April 10, 1992.

Before Judges PETRELLA, R.S. COHEN [1] and KESTIN.

*Ruth Bove,* Assistant Deputy Public Defender, argued the cause for appellant (*Wilfredo Caraballo,* Public Defender, attorney; *Ruth Bove,* of counsel and on the letter brief.)

*Joseph R. Donahue,* Assistant Prosecutor, argued the cause for respondent (*John J. Fahy,* Bergen County Prosecutor, attorney; *Joshua P. Cohn,* Assistant Prosecutor, of counsel and on the letter brief.)

The opinion of the court was delivered by

[1]Judge Cohen did not participate in oral argument, but has participated in the decision with the consent of the parties.

KESTIN, J.S.C. (temporarily assigned).

Defendant was charged with two counts of third-degree bribery and with possession of cocaine. He was convicted of both bribery charges but was acquitted of the drug charge. Concurrent sentences of four years were imposed on the bribery charges and an aggregate VCCB penalty of $60.00 was levied.

Defendant was selling jewelry in a tavern without a permit. Police had been summoned to the scene by a patron who, upon inquiring, had been told by defendant that the jewelry was "hot", thus accounting for his asking prices which were much lower than the amounts stated on price tags attached to the items. Defendant represented that the items were made of real gold. It was subsequently determined that the jewelry was neither stolen nor genuine. The State and defendant stipulated that the actual value of all the jewelry in the defendant's possession was less than $200.00.

Two detectives responded to the police call. They asked defendant if he had a permit to sell the jewelry, eliciting a negative response. Defendant was then asked for his identification. It was alleged that when defendant withdrew his hand from his pocket in the act of producing identification a folded $20.00 bill fell to the floor. When unfolded, the bill was found to contain a white powder which turned out to be cocaine, the basis of the drug charge.

Defendant was placed under arrest, handcuffed and escorted to a police car. Once in the car, alone with Detective Dalton, defendant offered Dalton some of the jewelry if Dalton would forget about the drug charge and simply issue a summons for peddling without a permit. Dalton refused and advised defendant that he would also charge defendant with bribery. Defendant once again suggested the exchange. While being transported to police headquarters defendant made the same offer to both Dalton and his partner. At police headquarters, he asked

Dalton to forget the bribery charge, once again requesting that he be given only a summons for peddling without a permit.

On appeal, defendant raises the following arguments:

POINT I   THE TRIAL JUDGE'S FAILURE TO INSTRUCT THE JURY THAT THE STATE WAS REQUIRED TO PROVE THE VALUE OF THE BENEFIT OFFERED TO DETECTIVE DALTON BEYOND A REASONABLE DOUBT IN ORDER TO CONVICT DEFENDANT OF BRIBERY UNDER *N.J.S.A.* 2C:27–2 DENIED DEFENDANT THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. (Not Raised Below).

POINT II   THE TRIAL JUDGE'S FAILURE TO GRANT DEFENDANT A JUDGMENT OF ACQUITTAL ON COUNT ONE CHARGING BRIBERY UNDER *N.J.S.A.* 2C:27–2(d) VIOLATED HIS RIGHT TO DUE PROCESS OF LAW.

POINT III   THE TRIAL JUDGE'S FAILURE TO MERGE DEFENDANT'S TWO CONVICTIONS FOR BRIBERY UNDER *N.J.S.A.* 2C:27–2(c) AND (d) VIOLATED HIS RIGHT TO DUE PROCESS OF LAW AND THE PROVISION AGAINST DOUBLE JEOPARDY. (Not Raised Below).

Defendant's first argument is without merit.  When a public officer is offered a material object in exchange for violating or performing an official duty, there is no need to prove the value of the article or, as the defendant contends, that the object had some value to the public officer.  Traditionally, in law, any material object, even a peppercorn, is deemed to have intrinsic value.  A jury is free to conclude that the offer to give a material object, however small its value, constitutes the offer to confer a "benefit" which *N.J.S.A.* 2C:27–2 proscribes;  for the intended recipient is to receive some thing not previously possessed.  The value of the item defines the degree of the offense, not its existence.  See *N.J.S.A.* 2C:27–2, last subparagraph.

There is considerable merit to defendant's points II and III, particularly when they are considered together.  The indictment charged defendant with separate offenses paralleling subsections d and c of *N.J.S.A.* 2C:27–2.  The first count accused defendant of soliciting the performance of an official duty and the second count charged him with soliciting the violation of an official duty.

■ The State cannot be faulted for preparing an indictment in this form. It may be difficult, even in clearer circumstances than here, to determine whether particular conduct solicits the performance of a duty or the violation of a duty. The State is entitled to prove its facts to a jury on alternative theories of law. *See N.J.S.A.* 2C:1–8a; *cf., State v. Truglia,* 97 *N.J.* 513, 480 *A.*2d 912 (1984). Yet where, as here, defendant has engaged in a single effort to bribe a police officer, he may not be convicted of the two bribery crimes charged. The fact that defendant thrice repeated his solicitation does not convert what was realistically a single effort into multiple offenses. Judge Gaulkin's observation in a different context supports this conclusion:

> Surely the repetitive nature of the assaults should play a significant role in the sentencing decision. But each repetition of the assault does not justify a separate and additional penalty. Not only is it entirely fortuitous how many individual events can be proved, but more importantly *each repetition of the offense cannot be said to evidence a further criminal purpose or an enhanced criminal risk warranting a full measure of additional penalty.* [emphasis supplied].

*State v. Yarbough,* 195 *N.J.Super.* 135, 145, 478 *A.*2d 432 (App.Div.1984), *aff'd.* in part, 100 *N.J.* 627, 498 *A.*2d 1239 (1985), *cert.* denied, 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986).

Nevertheless, it is possible to construe what occurred here as constituting two individual acts of bribery, the first being the solicitation of Detective Dalton to forget the drug charge and the second at police headquarters to forget the bribery charge as well. Another way of perceiving defendant's conduct as constituting two bribes is to regard his offers to Detective Dalton as one offense and the single offer that included Dalton's partner as a separate act of bribery. Aside from being excessively technical, neither result is possible under the indictment here. If there were two separate acts of bribery, they were similar in character. They were both solicitations either for the performance of a duty or for the violation of a duty. Since the indictment contains one charge for soliciting the

performance of an official duty and another for soliciting the violation of an official duty, that indictment will not serve as the basis for convicting this defendant of two similar bribery crimes.

We distinguish this case from those in which a defendant may validly be found as a matter of fact to have committed more than one offense, but where merger is required in entering the judgment of conviction so as to avoid violating double jeopardy principles. *See, e.g., State v. Churchdale Leasing, Inc.*, 115 *N.J.* 83, 557 *A.*2d 277 (1989); *State v. Truglia, supra.* Here, the facts developed at trial, when taken together with the language of the indictment, could support only one finding of guilt.

In this context, the trial judge's failure to limit defendant's criminal exposure to one offense was error. The necessary result could have been accomplished in either of two ways. The trial judge could have granted defendant's motion to dismiss the first count of the complaint, submitting the bribery charge to the jury on the second count alone. If, based on the proofs, the judge concluded that the first count should survive, he could have denied the motion and, *sua sponte*, dismissed the second count. The alternative method for achieving the required result would have been to submit both charges to the jury with instructions that it could convict on either but not both and further that, in deciding whether defendant was guilty, the jury would be obliged to determine whether defendant had been soliciting an act (performance) or an omission (violation).

Obviously, the latter mechanism would have been available for use after a judicial determination that only one conviction could validly result from the two charges and that a factual issue existed whether the defendant was soliciting the performance of a duty or the violation thereof. It would have been a fair way of permitting the State to place all its proofs and arguments before the jury without subjecting defendant to

conviction for multiple offenses where, realistically, only one crime was committed.

■ A new trial would be necessary to effect the latter method. Retrial would serve no useful purpose except to give defendant another opportunity to avoid the consequences of conduct that actually occurred. We hold instead that, because the police officers had a duty to charge defendant with a crime committed in their presence, defendant's conduct is to be construed as a solicitation for the violation of an official duty under 2C:27–2c. Accordingly, defendant's motion to dismiss the first count of the complaint should have been granted.

The conviction on the second count of the indictment is affirmed. The conviction on the first count of the indictment is reversed. The matter is remanded for resentencing.