**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5747-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID BATTLE,

     Defendant-Appellant.

_____

Submitted February 5, 2019 – Decided February 20, 2019

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Essex County, Indictment Nos. 96-03-0336 and 97-09-3979.

David Battle, appellant pro se.

Theodore Stevens, II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David Battle appeals from a July 25, 2018 order denying his motion to correct an illegal sentence. We affirm.

Defendant's underlying convictions, sentences, and direct appeals were summarized in our prior opinion.

> Defendant was charged on September 25, 1997, in a three-count indictment with first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2), (First Count); possession of a handgun without a permit, N.J.S.A. 2C:39-5b (Second Count); and possession of a handgun with an intent to use it unlawfully against another, N.J.S.A. 2C:39-4a (Third Count). In a separate indictment, defendant was charged with possession of a handgun by a person with a prior conviction. Defendant was convicted on May 1, 1998, of all three charges in the first indictment. After a separate trial on the second indictment, defendant was also convicted of that charge.
>
> Defendant was sentenced on May 27, 1998, at which time the court merged the N.J.S.A. 2C:39-4a conviction with the murder conviction and sentenced defendant to a term of life with a thirty-year term of parole ineligibility. He was given a concurrent sentence of five years with a 50% parole disqualifier on the conviction of possession of a handgun without a permit. The judge sentenced defendant to an extended term on the possession of a weapon by a convicted felon for a term of twenty years with a ten-year period of parole ineligibility. Defendant's convictions and sentences were affirmed on appeal, Docket No. A-6720-97, and his petition for certification was thereafter denied. State v. Battle, 163 N.J. 80 (2000).

[State v. Battle, No. A-2917-04 (App. Div. 2006) (slip op. at 1-2), certif. denied, 189 N.J. 426 (2007).]

Defendant has filed a succession of petitions and motions for post-conviction relief (PCR). Our prior opinion outlined the grounds raised in his first three PCR petitions.

> Defendant filed his first petition for post-conviction relief on March 20, 2001, claiming that the assistance provided by his counsel was ineffective on the ground that counsel did not adequately investigate his alibi and file a notice of alibi, nor did the attorney call witnesses who allegedly would support his theory of the case. Defendant also alleged that his counsel's assistance was ineffective because of cumulative errors. In a subsequent petition defendant sought a new trial based on an alleged recantation by the eyewitness to the murder. In the third PCR petition, defendant sought access to the victim's clothing to test for gunshot residue. All relief was denied by the PCR judge who had presided over the trial and imposed sentence.
>
> [Id. at 2-3.]

Defendant's fourth application for PCR involved three motions. The first sought PCR discovery to examine the victim's clothing for gun powder residue. The second related to an alleged recantation by Valerie Hicks of her trial testimony during an interview with public defender investigators. The third was based on alleged ineffective assistance of trial counsel. The PCR court denied all three motions. Defendant appealed from those rulings, arguing the PCR court

erred by denying his motions without an evidentiary hearing. We affirmed, finding no merit in any of defendant's arguments. Id. at 14.

Next, defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. District Judge Susan D. Wigenton denied the petition and defendant's request for an evidentiary hearing, and declined to issue a certificate of appealability. Battle v. Ricci, Civ. No. 07-1160 (SDW) (D.N.J. Feb. 6, 2008). The United States Court of Appeals for the Third Circuit also denied a certificate of appealability. Battle v. Ricci, No. 08-1613 (3d Cir. July 10, 2008).

Defendant then filed the present motion to correct an illegal sentence, raising the following grounds for relief: (1) the sentence is illegal because it imposed two extended terms; (2) the sentencing judge erred by double counting aggravating factor nine ("[t]he need to deter defendant and others from violating the law"), N.J.S.A. 2C:44-1(a)(9); and (3) the sentencing judge committed plain error by repeating a quote from former President John F. Kennedy's inaugural speech that had been included in the victim impact statement by the victim's relative at the sentencing hearing ("Do not ask what your country can do for you but what you can do for your country.").

A-5747-17T4

In a written opinion, Judge Michael A. Petrolle first addressed defendant's argument that the sentencing judge erred by imposing two extended sentences on the murder and certain persons weapons counts. Recognizing that N.J.S.A. 2C:44-5(a)(2) prohibited imposing more than one extended sentence, the judge rejected defendant's argument, determining defendant's sentence of life with thirty years of parole ineligibility on the murder count is an ordinary sentence, not an extended sentence.

The judge next addressed defendant's claim that the sentencing judge double counted aggravating factor nine by applying it to both the murder and certain persons weapons counts. The judge rejected defendant's claim, stating: "Inasmuch as they were simultaneous but separate sentencings for separate offenses, the application [of the aggravating factor] in each sentencing was not double counting." Judge Petrolle also noted that, on direct appeal, we stated: "The trial court properly identified and balanced the aggravating factors against the non-existent mitigating factors."

With regard to the sentencing judge's reference to the quotation from President Kennedy's inauguration speech invoked by the relative of the victim at the sentencing hearing, the judge rejected defendant's argument, noting that we did not find any judicial misconduct or abuse of discretion on direct appeal.

5

The judge further found the claims raised by defendant did not warrant an evidentiary hearing or the appointment of counsel, because the facts raised by defendant in support of his motion "are all a matter of procedure in the record not susceptible to dispute." The judge determined there were no "material issues of disputed fact that cannot be resolved by reference to the existing record." He concluded no "substantial issue of fact or law requires the assignment of counsel" and the law invoked by defendant "is express and clear." Thus, defendant "could not reasonably be expected to be aided in any way by appointment of [PCR] counsel" or by conducting an evidentiary hearing.

The judge denied defendant's motion. This appeal followed. Defendant raises the following issues:

> POINT I
>
> THE LOWER COURT'S ORDER DENYING DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE WAS ERRONEOUS AND MISPLACED, FURTHER VIOLATING HIS DUE PROCESS UNDER THE XIV AMENDMENT. (Not raised below).
>
> POINT II
>
> THE LOWER COURT ERRONEOUSLY DENIED DEFENDANT'S "DOUBLE-COUNTING" CLAIM; IN LIGHT OF OVERWHELMING FACTS, TO THE CONTRARY, IN VIOLATION OF THE XIV

AMENDMENT DUE PROCESS OF THE CONSTITUTION.

POINT III

THE SENTENCING LOWER COURT, IN IT'S OPINION TOTALLY DISREGARDED DEFENDANT'S CLAIM OF JUDICIAL MIS-CONDUCT; IN VIOLATION OF THE XIV AMENDMENT DUE PROCESS OF THE CONSTITUTION.

After reviewing the record and applicable principles of law, we have concluded there is no merit to any of these issues and affirm substantially for the reasons expressed by Judge Petrolle in his cogent written decision. We add only the following brief comments.

Defendant argues he received two extended sentences in violation of N.J.S.A. 2C:44-5(a)(2). While defendant received an extended term for the certain persons weapons offense, he received an ordinary term of thirty years to life subject to a thirty-year period of parole ineligibility on his murder conviction pursuant to N.J.S.A. 2C:44-3(b)(1). A life sentence for murder is an ordinary term, not an extended term. State v. Serrone, 95 N.J. 23, 25 (1983).

Defendant further argues the sentencing judge engaged in impermissible double counting of aggravating factor nine. We disagree. Application of aggravating factor nine to both the murder and certain persons weapons

7

convictions did not constitute double counting. Recognizing the need to deter defendant and others from violating the law did not amount to considering an element of either offense as an aggravating factor.

Defendant also argues the sentencing judge violated Canon 2, Rule 2.2 (a judge "shall not permit family, social, political, financial or other relationships or interests to influence their judicial conduct or judgment"), Rule 2.3(A) (a judge "shall not lend the prestige of judicial office to advance the personal or economic interests of the judge or others, or allow others to do so"), Rule 2.3(B) (a judge "shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge"), and Rule 2.4 (a judge shall not appear as a character witness) of the Code of Judicial Conduct by repeating the quotation from President Kennedy's inaugural speech that the victim's relative had invoked during the sentencing hearing. We again disagree. The sentencing judge's fleeting reference to President Kennedy's iconic remark, which has become part of the lexicon of this Nation, did not violate any of the those rules or render the sentence illegal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5747-17T4