■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. BULGER, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered December 31, 1974, upon a verdict convicting defendant of the crime of hindering prosecution in the first degree. In the late evening of April 6, 1974, George A. Bulger murdered one John Cusmo on a lonely road near the City of Johnstown, New York, by crushing his skull with a large rock. He then sought the company of his older brother and told him that he had beaten Cusmo. Upon observing the bloodied condition of George's clothing, Robert F. Bulger, the defendant herein, took his brother to his dwelling, directed him to change his attire, put the bloody clothes in a paper bag in a closet, and secreted the victim's automobile that George had driven from the scene of the crime. Defendant next drove his own car to the area described by his brother as the place where the fight had occurred and, seeing the body of Cusmo, realized that the victim was dead. Thereafter, defendant took George's bloody apparel and disposed of it in a trash receptacle. Following his arrest by the authorities, defendant executed a written statement setting forth the details of his involvement with his brother's crime. On this appeal, defendant asserts that the written statement he gave to the police was involuntary and thus not properly admitted into evidence at his trial. We find no merit in this contention. A statement by a police officer to a defendant that he would report to the District Attorney the fact that defendant co-operated in describing his participation in criminal activity does not, of itself, create any substantial risk that such a defendant would falsely incriminate himself. Particularly is this so when, as here, such a statement is prefaced by the words "I won't promise you anything" (CPL 60.45, subd 2, par [b], cl [i]). Secondly, defendant maintains that the rule of Bruton v United States (391 US 123) was offended when a search warrant was admitted as evidence at his trial because it contained, in part of the supporting application, his brother's alleged statements that bloody clothes were located in defendant's apartment and that he last saw the victim's automobile keys in defendant's possession. Had the contested exhibit been introduced at a joint trial, which was not the case here, the rationale of Bruton v United States (supra) would still not have been

violated for it is plain that the statements attributed to George covered nothing more than the same facts contained in defendant's own confession *(People v Payne,* 35 NY2d 22; *People v Dusablon,* 28 NY2d 874; *People v Stanbridge,* 26 NY2d 1, cert den 398 US 911; *People v McNeil,* 24 NY2d 550, cert den *sub nom Spain v New York,* 396 US 937). Despite his apparent confusion on this point, defendant does possess a simpler and easily recognizable complaint in that George's supposed utterances constitute hearsay. No objection, however, was registered on that basis during the trial and, in light of the overwhelming evidence of defendant's guilt, we would regard the nonconstitutional error in admitting that portion of the document as harmless *(People v Crimmins,* 36 NY2d 230). Finally, defendant contends that certain testimony and exhibits in his trial relating to the Cusmo murder were inflammatory and prejudicial. Evidence that is probative of a material issue in the case will not be rejected even though inflammatory or gruesome (Richardson, Evidence [10th ed], § 131, p 104). Furthermore, in order to present a prima facie case of hindering prosecution in the first degree, it is necessary for the People to prove that assistance was knowingly rendered to a person who had committed a Class A felony *(People v Clough,* 43 AD2d 451), in this case, murder. Accordingly, and for the reasons stated, the conviction should be affirmed. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.