Argued and submitted January 30, affirmed in part; reversed
in part; and remanded with instructions December 30, 1981

STATE OF OREGON,
*Respondent,*

*v.*

CURTIS RAY PUGH,
*Appellant.*

(No. C 79-12-34526, CA 18364)

637 P2d 1325

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Robert C. Cannon, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals from convictions, after jury trial, for felony murder, conspiracy to commit felony murder and hindering prosecution. He was sentenced concurrently to: life imprisonment, with a 25-year minimum, for felony murder; 20 years, with a 10-year minimum, for conspiracy; and 5 years, with a 2-1/2 year minimum, for hindering prosecution. Execution of the judgment of conviction for conspiracy was suspended with the provision that it be vacated when appeal time had lapsed or the felony murder conviction was affirmed.

Defendant assigns four errors: (1) his motion for a new trial should have been granted, because the jury verdicts for felony murder and conspiracy were logically inconsistent; (2) the convictions for felony murder and conspiracy should have been merged; (3) the conviction for hindering prosecution is unsupportable, and (4) the 25-year minimum sentence for felony murder was invalid. We affirm the conviction for felony murder, reverse the conviction for hindering prosecution and remand for resentencing on the felony murder conviction, with instructions to vacate the convictions and sentences for conspiracy and hindering prosecution.

## FACTS

Defendant and his cousin, Tim Merrifield, were "friends" of Forrest Taylor, the victim. When Taylor turned 18, he received an inheritance, about which he boasted and with part of which he bought a car. On October 17, 1979, Taylor took defendant and Merrifield for a ride in his new car after the three had used marijuana and cocaine. During the ride, Merrifield showed Taylor a gun he said he wanted to sell. Taylor asked Merrifield to fire it for him. Soon after, as Taylor walked before Merrifield toward a nearby woods, Merrifield shot Taylor in the head. Merrifield ran. Defendant called him back after determining that Taylor was dead. Defendant took Taylor's wallet and helped Merrifield roll up the body in a sleeping bag and put it in the car. They dumped the body over a bank, where it was found on November 19, 1979. The two men divided $80 found in the wallet. Merrifield took stereo speakers from the car and gave them to defendant, who gave them away later.

There was evidence that before the fatal ride Merrifield talked to defendant about "getting" Taylor's money and also about shooting Taylor for his money. There was conflicting evidence on whether defendant and Merrifield planned to rob and shoot Taylor, although defendant admitted he knew Merrifield might do so.

After Taylor's body was found, police interviewed defendant several times after advising him of his Miranda[1] rights. Defendant first denied having any information. He later said that he had seen the car two weeks after Taylor had disappeared but had been afraid to tell police, because he thought Taylor was buying drugs nearby. Still later, he was taken to State Police Headquarters, where he admitted being present when Merrifield shot Taylor. He was advised again of his rights, and police taped his statement. Thereafter he directed the officers to where the body had been dumped.

Merrifield was arrested, whereupon he and defendant talked with several police officers to clear up inconsistencies in the two suspects' statements. Defendant was indicted and convicted on the three counts set forth above.[2]

## INCONSISTENT VERDICTS

Defendant first contends that he is entitled to a new trial, because the unanimous jury verdict on felony murder and the 10 to 2 verdict on conspiracy were inconsistent. His argument is that any juror who found him guilty of felony murder must, under the state's theory and evidence, have found that he and Merrifield engaged in the robbery together and necessarily conspired to accomplish the robbery and murder. Because two jurors did not find a conspiracy, defendant contends they could not logically have found him guilty of felony murder.

 The conspiracy count alleged conspiracy to commit felony murder.[3] Conspiracy is a crime complete on agree-

---

[1] *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

[2] Merrifield's subsequent conviction for murder was affirmed. *State v. Merrifield*, 53 Or App 567, 632 P2d 1286 (1981).

[3] Count II of the indictment alleged:

"* * * * *

"CONSPIRACY TO COMMIT MURDER

ment; no further act is required. ORS 161.450.[4] Felony murder requires no agreement. ORS 163.115(1)(b).[5] At least one

"* * * * *

"The said defendant, on or about October 18, 1979, in the County of Multnomah, State of Oregon, did unlawfully, with the intent that conduct constituting the crime of murder punishable as a felony be performed, agree with Timothy James Merrifield to cause the performance of the following conduct: to unlawfully and knowingly commit the crime of Robbery in the First Degree and in the course of and in the furtherance of the said crime which the said defendant was committing, another participant in the said crime, Timothy James Merrifield, did cause the death of another human being, to-wit: Forrest Frederick Taylor, not a participant in the crime, by shooting Forrest Frederick Taylor in the head, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

This count appears to allege conspiracy to commit felony murder. The trial court usually referred to it by its heading "Conspiracy to Commit Murder," but the indictment, verdict forms, and jury instructions all incorporate conspiracy *to commit robbery* (a future act), in furtherance of which a co-conspirator *caused the* victim's *death* (a past act). No error is assigned on appeal to the trial court's treatment of the conspiracy count.

[4] ORS 161.450 provides:

"(1) A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, he agrees with one or more persons to engage in or cause the performance of such conduct.

"(2) Criminal conspiracy is a:

"(a) Class A felony if an object of the conspiracy is commission of murder, treason or a Class A felony.

"(b) Class B felony if an object of the conspiracy is commission of a Class B felony.

"(c) Class C felony if an object of the conspiracy is commission of a Class C felony.

"(d) Class A misdemeanor if an object of the conspiracy is commission of a Class A misdemeanor."

[5] ORS 163.115(1)(b) provides:

"(1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder when:

"* * * * *

"(b) It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit arson in the first degree, burglary in the first degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree or sodomy in the first degree in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of a person other than one of the participants; * * * ."

basis for the two dissenters on the conspiracy count could have been that they did not believe the state's evidence that defendant had agreed *beforehand* to help Merrifield, but did believe that he had intentionally aided and abetted Merrifield in carrying out the crime once it was begun. *See* ORS 161.155(1), (2)(b). The trial court instructed the jury on criminal liability for aiding and abetting. Those two jurors may have believed defendant's denial of an agreement but still found that he aided and abetted. On that basis, the two dissenters could logically have found defendant guilty of felony murder. We need not inquire further. The verdicts are not logically inconsistent. There was no error in denying defendant's motion for a new trial.

## MERGER

Defendant's second assignment of error is that the trial court had no authority to enter judgments of conviction and sentences for both felony murder and conspiracy to commit murder under ORS 161.485(3):

> "(3) A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

Defendant did not make that contention in the trial court. Rather, he argued that the court should enter a judgment along the lines suggested in *State v. Cloutier,* 286 Or 579, 602-03, 596 P2d 1278 (1979), which would result in a judgment of conviction and a sentence on each count, but would provide that execution of sentence on the conspiracy count be suspended and that the judgment and sentence on that count be vacated when the appeal time had lapsed or the felony murder conviction had been affirmed on appeal. That is what the court did.

■ We need not decide whether the felony murder and conspiracy guilty verdicts must be merged before judgment of conviction is entered so that only one judgment of conviction exists. The trial court acceded to defendant's requested form of judgment and, in light of our affirmance of the felony murder conviction, the conviction and sentence on the conspiracy count will be vacated by the terms of the judgment order. Defendant has no cause to complain.[6]

---

[6] We need not decide here what the effect would be if the felony murder conviction were reversed.

## HINDERING PROSECUTION

Under Count III of the indictment, defendant was charged with, and convicted of, hindering prosecution of Merrifield by attempting to conceal the victim's body. Defendant argues that the charge and conviction were improper and that, even if they were proper, the sentence should be merged with that for murder. We need not reach that merger question, because we conclude that the charge was not supportable.

The state proceeded on the theory that defendant was guilty, because he denied he knew anything about the victim's disappearance or about his car. In closing argument, the state argued that a motive for the murder was to prevent the victim from identifying *defendant,* not to protect only Merrifield. The state now argues that defendant's denials hindered Merrifield's prosecution and that defendant "should not be heard to complain of multiple convictions and sentences where he joins with others in furtherance of criminal objectives."

The rule adopted in *State v. Clifford,* 263 Or 436, 442, 502 P2d 1371 (1972), is applicable here:

"If, as in the examples given by Blackstone, *supra,* the intent to conceal or aid the offender is inherent in the act, then the actor is an accessory after the fact. If, however, the act is a mere false denial of knowledge which may have been motivated by self-interest, there must also be evidence from which the jury could infer that the actor told the lie with the intent to aid the offender and that the lie was, under the existing circumstances, likely to aid the offender to escape arrest or punishment. There is no such evidence in this case. In the absence of such evidence we conclude that in merely falsely telling the police that he had not seen Wright for a long time Clifford did not make himself an accessory to the murders or the kidnapping."

We relied on *Clifford* in a case where the defendant was charged with hindering prosecution of an unknown suspect, *i.e.,* himself:

"* * * The district attorney's information alleged that defendant had hindered a prosecution by withholding eyewitness testimony in order to protect an unknown suspect. The theory underlying the information appears to have been that defendant was withholding his testimony to protect

himself. [Footnote omitted.] To give ORS 162.325 that interpretation would mean that any person suspected of a crime who does not turn himself in (and perhaps confess) is subject to prosecution for hindering his own prosecution. Even without the concession about the warrant, we would not be able to find the charge supportable. * * *" *State v. Christian,* 35 Or App 339, 343, 581 P2d 132, *rev den* 284 Or 521 (1978), *cert den* 444 US 845, 100 S Ct 90, 62 L Ed 2d 58 (1979), (citing *State v. Clifford, supra).*

Even if defendant's denials hindered his codefendant's prosecution, they served defendant's interest against self-incrimination — an interest brought to the fore by the *Miranda* warnings, if not before. To sustain defendant's conviction here would be tantamount to requiring a person to incriminate himself or face criminal prosecution for refusing to do so. Given the protections afforded by the state and federal constitutions against compulsory self-incrimination, a person may not be put in that position.

The conviction on Count III, hindering prosecution, is reversed.

## 25-YEAR MINIMUM SENTENCE

This appeal was filed after our decisions, but before those of the Supreme Court, in *State v. Shumway,* 44 Or App 657, 607 P2d 191 (1980), *sentence modified* 291 Or 153, 630 P2d 796 (1981), and *State v. Reams,* 47 Or App 907, 616 P2d 498 (1980), *remanded for sentencing,* 292 Or 1, 636 P2d 913 (1981). Those cases control here and require us to remand for re-sentencing on the felony murder count.

In summary, we affirm the felony murder conviction and reverse the hindering prosecution conviction. The case is remanded for resentencing on the felony murder conviction and to vacate the judgments of conviction and sentences on both the conspiracy count and hindering prosecution count.