Phillip James Troha was indicted and convicted for rape in the first degree. Alabama Code § 13A-6-61 (1975). He was sentenced as an habitual offender to life imprisonment.
 I
Troha argues that he was denied due process of law because he was denied a mental examination based solely on the fact that such an examination would involve too much time. This allegation is not supported by the record.
On October 6, 1983, appointed counsel filed a motion seeking an investigation of Troha's sanity and mental competency. The only grounds for that motion are:
 "1. That conversations of the undersigned attorney with the Defendant, leads the said Attorney to believe that such an investigation is necessary and essential to insure proper disposition of this case.
 "2. That the Defendant is an indigent person without funds and has no way to pay for a psychological examination."
The trial judge granted this motion the same day it was filed and issued a form order directing that Troha be examined by the East Alabama Comprehensive Mental Health Center.
On October 12th, defense counsel filed a "motion for authority to expend funds" for an expert to examine Troha's mental capacity. That motion alleged that "proper medical practitioners are not available in the State Mental Health System and/or if they are available, the caseload is of such magnitude so as to preclude the proper examination of the Defendant." The trial judge denied this motion with the following order:
 "10-13-83. By order of this Court entered on October 6, 1983, the Defendant in this case was ordered examined by the East Alabama Comprehensive Mental Health Center. On October 11, 1983, this Court was advised by Dr. James Walter of that center that they had insufficient personnel to make an examination of this Defendant and other Defendants and recommended that if the Court felt that examination was needed, that they be sent to the Taylor-Hardin Secure Medical Facility at Tuscaloosa, Alabama. The Court has since been informed that the Taylor-Hardin Secure Medical Facility is now full and it would be nearly two (2) months before that facility could examine this Defendant. In light of this, the Court has reconsidered the Defendant's motion for authority to expend funds filed on October 12, 1983, and after careful consideration thereof and the *Page 952 
allegations contained in said motion, both of said motions are hereby denied."
On October 18, 1983, the day of trial, defense counsel renewed his motions for mental examination and for authority to expend funds. In denying the request, the trial judge stated:
 "Well, let the record show, that the Court again denies the motion. In the opinion of the Court, the motion states no facts that the Court could consider in determining whether or not this defendant is incompetent, or competent to stand trial. And in the opinion of the Court, the motion is very conclusionary; and therefore, both motions are most respectfully denied."
The record shows no reasonable grounds to doubt Troha's sanity or competency nor has any demonstration been made that the trial judge abused his discretion in changing his original order.
Here, defense counsel did not even allege that he had reasonable cause to question Troha's sanity. "On a hearing of a motion for a sanity or competency investigation, the defendant has the burden of persuasion." Wilson v. State, 371 So.2d 932,941 (Ala.Cr.App. 1978), affirmed, Ex parte Wilson,371 So.2d 943 (Ala. 1979). "(I)n the absence of any evidence, the mere allegations by counsel that the accused is incompetent to stand trial do not establish `reasonable ground to doubt [defendant's] sanity' which would warrant an inquiry into his competency." Whorton v. State, 422 So.2d 812, 813 (Ala.Cr.App. 1982). "Where the trial court finds that there are no reasonable grounds to doubt the accused's sanity, the standard of appellate review is whether the trial judge abused his discretion." Beauregard v. State, 372 So.2d 37, 43
(Ala.Cr.App.), cert. denied, 372 So.2d 44 (Ala. 1979). Judges of courts of record "have the inherent power to set aside and vacate their orders and judgments, although a judge should not merely `change his mind' without sufficient cause or reason."Carter v. State, 435 So.2d 137, 141 (Ala.Cr.App. 1982). Since there is nothing in the record which tends to generate a reasonable and bona fide doubt of Troha's sanity or mental competency, we cannot find an abuse of discretion by the trial judge. The judge's order denying the mental examination was based on the judge's "reconsideration" and does not appear to be either arbitrary or capricious.
 II
The trial judge did not commit error in refusing to grant Troha's motion for new trial. The motion was based solely on the affidavit of juror Ralph Duncan. In pertinent part, that affidavit states:
 "I was a juror during the trial of Phillip James Troha, with said trial having been conducted on the 18th and 19th day of October, 1983. I am a Christian and was quite upset and concerned that my actions as a juror were proper and just to include insurance that I adhere to Christian principles during my service as a juror on this particular case. My concern was of such nature that I felt compelled on the night of October 18, 1983, to call my brother in Mississippi who is a minister. I discussed my situation with my brother and asked him for guidance and scripture references so as to enable me to make a proper and just decision."
The motion for new trial was submitted to the court on Mr. Duncan's affidavit. The trial judge denied the motion stating, "The Court has carefully read and considered the said affidavit . . . and finds nothing therein that improperly influenced Mr. Duncan, . . . or any other juror during the trial."
The ruling of the trial judge denying a motion for new trial will not be disturbed in the absence of a showing of abuse of discretion, and this Court will indulge every presumption in favor of the correctness of his ruling. Hall v. State,348 So.2d 870, 875 (Ala.Cr.App.), cert. denied, Ex parte Hall,348 So.2d 875 (Ala. 1977). "(W)here the trial court investigates the circumstances under which the remark was made, its substance, and determines that the rights of the appellant were not prejudiced by the remark, reversible error will not be found *Page 953 
absent a clear showing of an abuse of that discretion." Bascomv. State, 344 So.2d 218, 222 (Ala.Cr.App. 1977).
Although the communication was improper, there is nothing to indicate that the juror was improperly influenced. In our opinion the affidavit only shows that the juror was conscientiously attempting to perform his legal duty as a juror within the framework of his Christian faith. Such an attitude could only be beneficial to the accused.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.