THE STATE OF OHIO, APPELLEE, *v.* MOOTISPAW, APPELLANT.

(No. CA84-12-017 — Decided May 13, 1985.)

*John H. Roszmann,* prosecuting attorney, for appellee.

*Michael J. Lander,* for appellant.

JONES, J. Defendant appeals her conviction of obstructing justice contrary to R.C. 2921.32(A)(5). For her sole assignment of error defendant says the court erred in denying her Crim. R. 29 motion for acquittal at the conclusion of the state's case because there was no proof of the commission of a crime by the person whose prosecution defendant tried to hinder.

Defendant's husband was arrested for stealing a bottle of wine from a grocery store. The husband was charged with a third degree felony because he had been previously convicted of two theft offenses. While her husband was awaiting trial defendant wrote an anonymous letter to the Fayette County Sheriff in an effort to exonerate him. The letter reads verbatim as follows:

"To Whom this may concern,

"This is in regard to a man who was picked up for shop lifting at Krogers. I have to tell you that man is not guilty of stealing.

"I was cashier on duty a man came ahead of that man and I gave him to [*sic*] much money. When that man came up to the cash register he was drunk and I did not ring up his purchase because I was short 5.00 and I was trying to make it up by not ringing up his purchase. I could put the money in and make up the difference. I would come forward but because of losing my job I can not testify on his behave [*sic*]. I do not like what I have done and I'm ashamed but I can't afford to lose my job.

"It's been difficult trying to find out what they were doing with this man but I can't stand by and see him put in prison for my mistake.

"I did not realize that when he paid for his wine and buglar that he would stick the wine in his pants but thats [*sic*] what he did. I'm sorry I've caused so much trouble over this and to hurt someone was not my intention.

"Please don't try to trace this letter for I had a friend to write it for me they would have reconized [*sic*] my hand writing right off.

"If the charges isn't [*sic*] dropped from this man I will send a copy to the newspaper even if it means losing my job I can't stand by and see an innocent person sent to prison.

"Sincerely a

"Kroger employee"

When it was learned that defendant authored the letter she was indicted for violating R.C. 2921.32 "in that she, with purpose to hinder the prosecution and/or conviction of Robert Mootispaw communicated false information to Lt. William R. Crooks * * *." R.C. 2921.32 reads as follows:

"(A) *No person, with purpose to hinder the* discovery, apprehension, *prosecution, conviction, or punishment of another for crime,* or to assist another to benefit from the commission of a crime, *shall do any of the following:*

"(1) Harbor or conceal such other person;

"(2) Provide such other person with money, transportation, a weapon, a disguise, or other means of avoiding discovery or apprehension;

"(3) Warn such other person of impending discovery or apprehension;

"(4) Destroy or conceal physical evidence of the crime, or induce any person to withhold testimony or information or to elude legal process summoning him to testify or supply evidence;

"(5) *Communicate false information to any person.*

"(B) Whoever violates this section is guilty of obstructing justice, a misdemeanor of the first degree. If the crime committed by the person aided is a felony, obstructing justice is a felony of the fourth degree." (Emphasis added.)

144

Obviously one cannot hinder the prosecution or conviction of another for crime unless a crime has actually occurred. The statute does not require, however, that the specific person being legally assisted be actually convicted of such crime. To hold otherwise would emasculate the purpose and intent of the legislature expressed in unambiguous terms. It is sufficient to show that defendant's husband was charged with a crime, and that defendant hindered his prosecution or conviction. In the case at bar there was testimony that a bottle of wine was stolen and the defendant's husband was the thief. So long as the charge against the husband was still pending, it matters not that he had not yet been convicted when she wrote the false letter. The criminal act of obstruction of justice occurred when defendant wrote the false letter in a deliberate attempt to convince the authorities to terminate prosecution of her husband. Even if her husband should be later acquitted, defendant would still be guilty. Any other holding would simply reward her so long as she was successful in her misguided efforts.

Defendant relies heavily on *State v. Bronaugh* (1980), 69 Ohio App. 2d 24 [23 O.O.3d 23]. Without expressing an opinion as to the merits of *Bronaugh, supra,* as substantive law, we find it clearly distinguishable as in that case there was no proof that *any* underlying crime had been committed, and no one was charged with such. In the case at bar there was no challenge to the fact that a theft had occurred and that Robert Mootispaw was charged with the offense.

Since the state presented sufficient evidence that reasonable minds could reach different conclusions as to whether each material element of the crime of obstructing justice had been proved beyond a reasonable doubt, the trial court was correct in denying the motion for acquittal. *State v. Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401]. The sole assignment of error is without merit and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and HENDRICKSON, J., concur.