STATE OF CONNECTICUT *v.* EDWIN M. RODRIGUEZ
(2637)

HULL, SPALLONE and BIELUCH, Js.

Argued April 3—decision released May 20, 1986

*John R. Williams,* for the appellant (defendant).

*Gary W. Nicholson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Frederick W. Fawcett,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant is appealing from the judgment rendered upon his conviction by a jury of the crime of hindering prosecution in the first degree, in violation of General Statutes §§ 53a-165 (5) and 53a-166.

From the evidence adduced at trial, the jury could reasonably have found the following facts. On December 21, 1982, the defendant, Edwin M. Rodriguez, and Robert Racowski had been drinking alcoholic beverages for several hours in the apartment where Racowski had been staying. Racowski was drinking heavily. The defendant, intending to go to his mother's house, walked along with Racowski and reached the intersection of Brooks and James Streets located in the city of Bridgeport. Upon arriving at the intersection, Racowski walked over to a parked cab, put a shotgun up to its window and shot and killed the cab driver, Harry W. Morris. After this, the defendant and Racowski returned to the apartment where Racowski was living, which was located at 819 Hallett Street. On the basis of statements of witnesses, the Bridgeport police obtained a search warrant for the Hallett Street apartment. Upon executing the warrant, the police found the defendant in the rear bedroom of the apart-

ment with Racowski and two women. They also found blood stained boots beside each of the two beds in the room and garments soaking in "pink water" in the bathtub. The defendant and Racowski were then arrested. After the defendant was questioned, he directed the police officers to a garage located behind a building which was between 200 and 300 feet away from the apartment, and accompanied them to this location. At the garage, the police found a shotgun under a plastic covering exactly where the defendant had told the police he had placed the weapon. The defendant stated to the police that he took the shotgun from the apartment because his girlfriend, who also lived there, was afraid of Racowski. On April 28, 1983, Racowski was indicted for murder, pursuant to General Statutes § 53a-54a.

The defendant was arrested, tried and convicted of the crime of hindering prosecution in the first degree and has appealed. He claims that the trial court erred (1) in informing the jury that Racowski had committed the crime of murder, thereby depriving the defendant of a jury trial on an essential element of the crime the defendant was charged with, (2) in charging the jury to decide whether to believe the defendant's explanation of his intent or the state's, thereby diluting the requirement that the state prove intent beyond a reasonable doubt, and (3) in denying the defendant's motion for judgment of acquittal.

We agree that the court erred in charging the jury as a fact that Racowski committed the crime of murder. Although the defendant did not take an exception to the charge as given, we find that the error committed was in such derogation of the defendant's fundamental right to a fair trial that our review is warranted despite his counsel's failure to except. *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

The information under which the defendant was charged and tried alleged that the defendant "rendered criminal assistance to one Robert Racowski, who had committed the crime of Murder, a Class A Felony, by taking the possession of and concealing the weapon used in the commission of the crime of Murder by the said Robert Racowski, in violation of Section 53a-166 of the Connecticut General Statutes." In a bill of particulars, the state stated the charge more specifically and, after giving the statutory definition of "criminal assistance" in paragraph 1, went on in paragraph 2a to allege that "the defendant rendered criminal assistance within the meaning of the statute to Robert Racowski by taking possession of and concealing the weapon used in the commission of the crime of murder by Robert Racowski."

General Statutes § 53a-166 provides in pertinent part: "A person is guilty of hindering prosecution in the first degree when he renders criminal assistance to a person who has committed a class A or class B felony or an unclassified offense for which the maximum penalty is imprisonment for more than ten years." Obviously, the essential element of the crime alleged by the state, generally in the information and more specifically in the bill of particulars, is that the defendant rendered criminal assistance to Racowski by taking possession of and concealing the weapon used in the commission of the crime of murder by Racowski. The state's response to the defendant's motion for a bill of particulars clearly indicates that it relied on the commission of murder to satisfy the requirement of General Statutes § 53a-166 that the criminal assistance be rendered to a person who has committed a class A or class B felony. Having so elected, the state had the burden of proving beyond a reasonable doubt that Racowski committed a murder. This interpretation of General Statutes § 53a-166 is consistent with that given by the New

York Supreme Court in *People* v. *Clough,* 43 App. Div. 2d 451, 353 N.Y.S.2d 260 (1974), when it interpreted § 205.65 of the New York Penal Law which is similar to § 53a-166. Section 205.65 provides in pertinent part: "A person is guilty of hindering prosecution in the first degree when he renders criminal assistance to a person who has committed a class A felony, knowing or believing that such person has engaged in conduct constituting a class A felony." In *People* v. *Clough,* supra, 453–54, the Supreme Court, Appellate Division, stated that "[a]n allegation that the person assisted did in fact commit a class A felony is necessary in order to sustain an indictment charging hindering prosecution in the first degree. '[T]he person to whom the assistance is rendered must have actually committed a certain crime. It is not sufficient that the one rendering assistance believed that the particular crime was committed; the People must substantively prove that the person to whom assistance was rendered actually committed it.' (Rothblatt, Criminal Law in New York, The Revised Penal Law [1971], § 431, p. 375. See also Marks and Paperno, Criminal Law in New York Under the Revised Penal Law [1967], § 460, p. 515.)"; see also *People* v. *Bulger,* 52 App. Div. 2d 682, 683, 382 N.Y.S.2d 133 (1976). The court noted further that "[w]here possible, such proof may be presented in the form of a certificate of conviction of the person to whom the assistance was rendered; in other cases, independent evidence proving that such person committed the requisite felony will be necessary (see *People* v. *Formato,* 286 App. Div. 357, 363, [143 N.Y.S.2d 205, 210], affd. 309 N.Y. 979 [132 N.E. 2d 894]; Fisch, New York Evidence, § 214.)" *People* v. *Clough,* supra, 453 n.2. Although the similarity of language between the New York and Connecticut penal codes does not compel like construction; *State* v. *Mastropetre,* 175 Conn. 512, 522, 400 A.2d 276 (1978); we conclude that it is warranted here.

In its charge, the court instructed the jury in relevant part: "In this case it is clear that absent circumstances which only Robert Racowski can give *a murder was committed* and I have so charged you. That *murder . . .* as I recall the testimony, was committed at about 5:30 in the afternoon on December 21st [1982]. *The person who did it,* Robert Racowski . . . went to his girl friend's house with the defendant." (Emphasis added.) By this instruction, the trial court unequivocally and categorically charged that Racowski committed a murder and effectively removed an element of the crime for which the defendant was on trial from the consideration of the jury, thereby substituting its finding for that of the jury.

We recognize the principle that individual instructions are not to be judged in artificial isolation from the overall charge; *State* v. *Dolphin,* 195 Conn. 444, 451, 488 A.2d 812, cert. denied, 474 U.S. 833, 106 S. Ct. 103, 88 L. Ed. 2d 84 (1985); and that the entire charge must be considered from the standpoint of its effect on the jury. *State* v. *Corchado,* 188 Conn. 653, 660, 453 A.2d 427 (1982). The charge must not be critically dissected in a microscopic search for possible error. *State* v. *Harris,* 172 Conn. 223, 226–27, 374 A.2d 203 (1977); see, e.g., *State* v. *Reddick,* 197 Conn. 115, 132, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986). Regardless of what the court stated earlier in its charge, however, the language quoted above is clear and unambiguous. A fair and logical reading of it establishes that the trial court accepted as a fact that Racowski had committed a murder, and so charged the jury. In so doing, the court preempted the jury's function and in effect directed a verdict as to an essential element of the crime. In *State* v. *Theriault,* 182 Conn. 366, 378–79, 438 A.2d 432 (1980), our Supreme Court held that an instruction that effectively directs a verdict on a con-

tested issue relieves the state of its burden of proving an essential element of the crime and thus "is clearly unconstitutional and deprives a criminal defendant of his right to due process of law." We can only review what the trial court said in its instruction to the jury, not what it meant to say. The court's charge that the murder was an established fact was erroneous.

Although our ruling on the defendant's first claim is dispositive of the appeal, we must comment briefly on the defendant's third claim, that the trial court erred in denying his motion for judgment of acquittal. In his motion, the defendant claimed that there was insufficient evidence to make out a prima facie case of hindering prosecution pursuant to General Statutes §§ 53a-165 (5) and 53a-166.

" 'In determining whether the evidence is sufficient to sustain a verdict, "the issue is whether the jury could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." . . .' (Citations omitted.) *State* v. *Giguere,* 184 Conn. 400, 402–403, 439 A.2d 1040 (1981); see also *Jackson* v. *Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560, reh. denied, 444 U.S. 890, 100 S. Ct. 195, 62 L. Ed. 2d 126 (1979)." *State* v. *Reid,* 193 Conn. 646, 666, 480 A.2d 463 (1984). We conclude that there was sufficient evidence to support a conviction of hindering prosecution pursuant to General Statutes §§ 53a-165 (5) and 53a-166.

There is error, the judgment of the trial court is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.