The appellant, William Bruce Nichols, was found guilty of hindering prosecution in the first degree after a jury trial and was sentenced as follows: four years' imprisonment suspended, except for 200 days, which was to be served in 100 consecutive weekends; probation for three years; a $1,000.00 fine and $1,000.00 payment to a victim's compensation fund; and 200 hours of community service. The appellant filed a motion for a new trial. It was denied, whereupon he gave timely notice of appeal. *Page 93 
 I.
The appellant alleges that the trial court erred by not permitting him to except to the court's oral charge until after the jury had reached its verdict. Just prior to the reading of the verdict, the following transpired:
 "THE COURT: Before we receive anything, I understand you want to submit some objections to the charge; is that correct?
 "MR. PRESTWOOD: We want to make some exceptions, your honor. But now that they have reached a verdict, I don't know if its timely or not, but we'll still make them.
"THE COURT: Go ahead and do them."
The appellant relies on Temporary Rule 14 of the Alabama Rulesof Criminal Procedure to substantiate his claim. That rule provides that "Opportunity shall be given to make the objection out of the hearing of the jury." The law on this issue is well settled:
 " 'The orderly conduct of a trial requires some sort of rule of procedure. The rule should afford the party a fair opportunity to take exception to the charge if the party desires to do so . . . In the instant case, defendant and his counsel were present in court. They heard the oral charge. Defendant then had the burden and the opportunity to state defendant's objections to the court before the jury retired to determine their verdict.'" Hafley v. State, 342 So.2d 408, 411 (Ala.Cr.App. 1977), quoting Cox v. State, 280 Ala. 318, 193 So.2d 759
(Ala. 1967) (Emphasis added in Hafley). See also Ex parte Washington, 448 So.2d 404 (Ala. 1984), on remand, 448 So.2d 409 (Ala.Cr.App. 1984); Sistrunk v. State, 455 So.2d 287
(Ala.Cr.App. 1984).
The appellant had the duty to make his exceptions before the jury retired to deliberate.
 II.
The appellant alleges that the trial court erred in admitting evidence of the crime of rape where he was not charged with that crime. He further alleges that statements about the rape made throughout the testimony of both of the State's witnesses and comments made on the rape by the prosecutor during his opening statement were "intended to arouse the prejudices of the members of the jury."
According to Code of Alabama (1975) (Supp. 1981), § 13A-10-43, the offense of hindering prosecution in the first degree is committed when "[a] person . . . with the intent to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting a murder or a Class A or B felony, . . . renders criminal assistance to such person." Further, §13A-10-42, Code of Alabama (Supp. 1981) (1975), states that "a person renders 'criminal assistance' to another if he: (1) harbors or conceals such person; (2) warns such person of impending discovery or apprehension; except that this subdivision does not apply to a warning given in connection with an effort to bring another into compliance with the law; (3) provides such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension; (4) prevents or obstructs, by means of force, deception or intimidation, anyone except a trespasser from performing an act that might aid in the discovery or apprehension of such person; or (5) suppresses, by an act of concealment, alteration or destruction, any physical evidence that might aid in the discovery or apprehension of such person."
There has been little caselaw expositive of this offense in Alabama. However, it is clear that hindering prosecution is distinguishable from the underlying prosecutorial offense that was alleged to have been committed. Lewis v. State,414 So.2d 135, 139 (Ala.Cr.App.), cert. denied, 414 So.2d 140 (Ala. 1982). " 'These sections, [like] most modern codes, break away from the common-law notion that a person who helps an offender somehow becomes an "accessory" or "accomplice" in the original crime. Instead of proceeding on an "accomplice" theory, the drafters have employed the theory of obstructing justice.' "Id., quoting 1975 Alabama Code (Supp. 1984), §§ 13A-10-42
through 13A-10-44 *Page 94 
Commentary. See also State v. Browder, 486 So.2d 504, 507
(Ala.Cr.App. 1986). Thus, the offense of hindering prosecution punishes "the obstructive behavior for what it is, without regard to whether the primary criminal can be tried or convicted." 1975 Alabama Code (Supp. 1981), §§ 13A-10-42 through13A-10-44 Commentary.
Despite the fact that in the instant case the offense of hindering prosecution and the offense of rape are separate offenses, as the trial court indicated, an adequate presentation of the facts and evidence in the case would necessitate that some testimony would refer to the underlying prosecution that was alleged to have been hindered; in essence, the appellant is charged with hindering the prosecution of a case of rape in the first degree. It seems clear from the language of the statutes that the State must prove three separate elements to present a prima facie case of hindering prosecution. The actor must "render criminal assistance" as that term is defined in § 13A-10-42, 1975 Alabama Code (Supp. 1981), the criminal assistance must be rendered to one who has committed a Class A or Class B felony or murder and the actor must know or believe that such person has engaged in conduct constituting the Class A or Class B felony or murder.People v. Clough, 43 A.D.2d 451, 353 N.Y.S.2d 260, 262 (1974).[1]
In proving the two latter issues, some evidence of the Class A or Class B felony or murder must be proved. "Obviously, one cannot hinder the prosecution or conviction of another for crime unless a crime actually occurred." State v. Mootispaw, 23 O.B.R. 303, 23 Ohio App.3d 142, 492 N.E.2d 169, 171 (Ohio App. 1985). The Ohio Court of Appeals distinguished Mootispaw,supra, from State v. Bronaugh, 69 Ohio App.2d 24,429 N.E.2d 1084 (1980), wherein "there was no proof that any underlying crime had been committed, and no one was charged with such."Id. The interrelationship and activities that lead to the involvement between the person accused or convicted of the felony and the other individual give rise to the charge of hindering prosecution and, as such, are relevant in a trial for hindering prosecution. State v. Moya, 136 Ariz. 534,667 P.2d 234, 239 (Ct.App. 1983).[2]
The State has the burden of proving beyond a reasonable doubt that the person whose prosecution was hindered actually committed the felony. State v. Rodriguez, 7 Conn. App. 470,509 A.2d 72, 74 (1986). In Rodriguez, the trial court charged the jury to the effect that a person committed murder "and effectively removed an element of the crime for which the defendant was on trial [hindering prosecution] from the consideration of the jury." 509 A.2d at 75. The court charged: " 'In this case it is clear that . . . a murder was committed and I have so charged you. That murder . . . as I recall the testimony, was committed at about 5:30 in the afternoon on December 21st [1982]. The person who did it . . . went to his girl friend's house with the defendant.' " Id. Thus, the underlying crime is an essential element of the offense of hindering prosecution and must be adequately proved. For other cases wherein evidence of the underlying felony was admitted, see State v. Kelley, 120 N.H. 14, 413 A.2d 300 (1980); State v.Yarbough, 195 N.J. Super. 135, *Page 95 478 A.2d 432 (N.J.Super.App. Div.), cert. granted, 99 N.J. 195,491 A.2d 695 (N.J. 1984), and case remanded by, 100 N.J. 627,498 A.2d 1239 (N.J. 1985), cert. denied, ___ U.S. ___,106 S.Ct. 1193, 89 L.Ed.2d 308 (1986); State v. Humanik, 199 N.J. Super. 283, 489 A.2d 691 (1985), cert. denied, 101 N.J. 266,501 A.2d 934 (1985). In People v. Bulger, 52 A.D.2d 682, 382 N.Y.S.2d 133
(1976), a case of hindering prosecution in the first degree in regard to a murder committed by the accused's brother, the defendant contended that certain testimony about the murder and exhibits, including a bloody shirt from the murder, were inflammatory and prejudicial. The court held that "[e]vidence that is probative of a material issue in the case will not be rejected even though inflammatory or gruesome. [Citation omitted.] Furthermore, in order to present a prima facie case of hindering prosecution in the first degree, it is necessary for the People to prove that assistance was knowingly rendered to a person who had committed a Class A felony." Id. at 135.
 III.
The appellant contends that the trial court erred in not granting his motion for judgment of acquittal in that the State failed to prove that he committed any of the five acts proscribed by 1975 Alabama Code (Supp. 1981), § 13A-10-42, and that he had the requisite intent. However, the State proved that the appellant with intent, knowingly, willingly or consciously hindered the apprehension, prosecution, conviction, or punishment of Randy Johnson for the offense of rape in the first degree. It is clear from testimony at the trial that the appellant knowingly, willingly, and consciously lied to the criminal investigators concerning the circumstances of the rape. The appellant alleges that he did so not with the intent to hinder prosecution, but because he was scared. However, where a defendant contended that "rather than intending to hinder the apprehension of his brother, he was fleeing to prevent his own apprehension," the court held that "[t]his need not be [his] sole intent." State v. Kelley, 120 N.H. 14,413 A.2d 300, 302 (1980). " 'We prefer to recognize that motivations may be mixed, and to permit conviction where the obstructive purpose was present.' "[3] While "merely refusing to answer police questions concerning the fugitive . . . does not fall within the purview of [Alabama's] statute," Commentary to §§ 13A-10-42 through 13A-10-44, 1975 Alabama Code (Supp. 1981), there is a definite distinction between refusing to answer and answering falsely.[4] In such a situation, "the jury could reasonably find from the evidence presented that an obstructive purpose was present." State v. Kelley, supra, 413 A.2d at 303. Deceit alone has been found insufficient where there was no evidence linking the defendant with the underlying crime.People v. Lorenzo, 110 Misc.2d 410, 442 N.Y.S.2d 726 (1981). Such "deceptions may not be good citizenship; are indeed suspicious, but do not meet statutory requirements for criminal liability." Id. at 732.
Where a defendant claimed that the trial court erred in denying his motion for judgment of acquittal because of insufficient evidence to make out a prima facie case of hindering prosecution, the court asserted that "the issue is whether the jury could have reasonably concluded upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." State v.Rodriguez, supra, 509 A.2d at 71-72. See also Taylor v. City ofDecatur, 465 So.2d 479 (Ala.Cr.App. 1984); Fletcher v. State,460 So.2d 341 (Ala.Cr.App. 1984); Sullivan v. State,441 So.2d 130 (Ala.Cr.App. 1983). *Page 96 
 IV.
The appellant alleges that the trial court erred in not granting his motion for a new trial because he did not receive a fair trial as a result of the "hostility and prejudice demonstrated by the District Attorney." However, this court will "not substitute its judgment for that of the jury, and when the evidence, if believed by the jury, is sufficient to sustain a verdict of guilty, it is not error for the trial court to overrule defendant's motion for an acquittal, and for a new trial." Cole v. State, 443 So.2d 1386, 1390-91
(Ala.Cr.App. 1983); McConnell v. State, 429 So.2d 662
(Ala.Cr.App. 1983); Willis v. State, 447 So.2d 199
(Ala.Cr.App. 1983). Moreover, the decision of the trial judge to deny a motion for a new trial will not be disturbed unless there is a clear showing of abuse of discretion, and "this court will indulge every presumption in favor of the correctness of his ruling." Troha v. State, 462 So.2d 950, 952
(Ala.Cr.App.), reversed, Ex parte Troha, 462 So.2d 953
(Ala. 1984), on remand, 462 So.2d 954 (Ala.Cr.App. 1985); Perryv. State, 455 So.2d 999 (Ala.Cr.App. 1984).
AFFIRMED.
All the Judges concur.
[1] The statute relied on in People v. Clough, supra, is § 205.65 of the New York Penal Law, which includes the additional language that the person rendering the criminal assistance must know or believe that the other has engaged in the conduct constituting a Class A felony; thus, this intent element is expressly included. Although the language of § 13A-10-43 does not state that this intent is required, the Commentary to this section indicates that the drafters also included this element by the statement: "Under both § 13A-10-43 and § 13A-10-44, there must be an intent to hinder apprehension, prosecution, conviction or punishment of the offender."
[2] In State v. Moya, where it was clear that the State intended to prosecute an individual on the charge of hindering prosecution, she had the right to invoke her Fifth Amendment privilege when she was called as a witness in the trial of which she had allegedly hindered prosecution. The Arizona Court of Appeals indicated that the "state would have been able to cross-examine [her] about her relationship to appellant . . . and her participation in illegal activities with appellant. . . . The evidence elicited as a result of such questioning would have been relevant in a subsequent trial against [her] for hindering prosecution." Id., 667 P.2d at 239.
[3] The statute relied on in State v. Kelley, was drafted from the Model Penal Code, § 242.3. In the Commentary to §§ 13A-10-42
through 13A-10-44, 1975 Alabama Code (Supp. 1981), the drafters include as one of the sources for Alabama's statutes, Model Penal Code § 242.3 and 242.4.
[4] See State v. Pugh, 55 Or. App. 305, 637 P.2d 1325, 1329
(1981), wherein defendant's denials of knowledge of offense could not result in a conviction for hindering prosecution of his co-defendant, because his denials also served his interest against self-incrimination.