■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FERGUSON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 12, 1985, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant entered a plea of guilty to a reduced charge of burglary in the second degree in full satisfaction of a multiple-count indictment, and was sentenced as a second felony offender to a term of 7½ to 15 years' imprisonment. The charges emanated from a May 4, 1985 incident in the City of Albany, during which defendant's codefendant, Manuel Clavijo, sexually attacked a mother and her 11-year-old daughter (see, People v Clavijo, 126 AD2d 907). During this attack, defendant entered the victims' apartment and absconded with a clock, a picture and two wall hangings. Upon his return, defendant unsuccessfully attempted to dissuade Clavijo from continuing the attack. On this appeal, defendant maintains that County Court erred in refusing to suppress certain identification testimony and postarrest statements, and in denying a motion to withdraw his guilty plea. He further maintains that he was denied the effective assistance of counsel and that the sentence was excessive. Reviewing these contentions seriatim, we find each lacking in substance.

Our examination of the suppression hearing minutes and the photo array exhibit confirms the conclusion reached by County Court, that the photo array shown to the daughter and the procedures utilized in this identification process were not suggestive, and presented little likelihood of an irreparable misidentification (see, Simmons v United States, 390 US 377, 384; People v Haynes, 88 AD2d 1070). Moreover, this victim was able to identify defendant after observing the array for only 45 seconds and had occasion to view defendant twice during the attack, albeit for only brief intervals. Since defendant failed to demonstrate a legitimate expectation of privacy at Clavijo's apartment, he lacked standing to chal-

lenge his warrantless arrest at that apartment *(see, People v Rodriguez,* 69 NY2d 159; *People v Farinaro,* 110 AD2d 653, 655). We are further unpersuaded by defendant's assertion that his postarrest statement was rendered involuntary by an interrogating detective's comment, "You help us and I'll go to the district attorney and *try* to help you" (emphasis supplied). Standing alone, such comment did not create a substantial risk that defendant would falsely incriminate himself (CPL 60.45 [2] [b] [i]; *see, People v Sumeriski,* 119 AD2d 999; *People v Bulger,* 52 AD2d 682).

Nor did County Court abuse its discretion in denying defendant's motion to withdraw his guilty plea. Although there was some initial confusion as to defendant's criminal status, the record confirms that County Court expressly advised defendant before taking his plea that, under the rule of *People v Morse* (62 NY2d 205, *appeal dismissed sub nom. Vega v New York,* 469 US 1186), he did not qualify as a persistent felony offender. Thus, defendant fully appreciated the sentencing consequences of his plea. Having accepted the bargain to plead guilty to a reduced charge, defendant waived any challenge to the factual basis for the plea *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Taliaferro,* 109 AD2d 943, 945, *lv denied* 66 NY2d 923). We are further satisfied upon reviewing the record that defendant was accorded meaningful assistance of counsel *(see, People v Baldi,* 54 NY2d 137). Finally, we perceive no basis to modify the sentence imposed, which was within the terms of the plea bargain and the pertinent statutory guidelines.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.