MeMILLAN, Judge.
■ The appellant was convicted of two counts of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama (1975). He was sentenced to life in the State penitentiary on each charge, the sentences to run consecutively.
I
The appellant argues that the State failed to prove venue as to the offense charged in count II of the indictment. The appellant alleges that the only proof of venue as to this count occurred during the testimony of the victim, who worked at the Circle K store where the robbery in count II occurred, and who stated that the store was “[ljocated in Huntsville.” However, the record indicates that during the victim’s testimony, the prosecutor asked if the store was located in Huntsville, Madison County, and the victim acknowledged that the store was. located in Huntsville. Thus, the State adequately proved venue. “Unless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed.” Section 15-2-2, Code of Alabama (1975). The victim’s testimony was clear that the offense was committed at a Circle K store located in Madison County.
II
The appellant argues that the trial court erred in limiting his cross-examination of the victim of the offense alleged in count II of the indictment. The record indicates that the witness had already been extensively questioned by defense counsel, during cross-examination, as to the amount of time involved in the offense and the total amount of time during which the victim was able to observe the perpetrator. Thereafter, the following transpired:
“[Defense Counsel]: So on three occasions you observed his face?
“A: Yeah.
“[Defense Counsel]: And each occasion is what, some few seconds?
*356 “A: Well, it’s not difficult to do, somebody is coming in the door to your house, or the store, you see them right away.
“[Defense Counsel]: Your best judgment on the total time you looked at his face and studied his face would be probably less than a minute?
“[Prosecutor]: Object, asked and answered.
“THE COURT: I will allow him to answer.
“A: When he came in and spent about two or three minutes wandering around the store.
“[Defense Counsel]: Could you just answer the question?
“THE COURT: He is trying to get you to add up all the time, the amount of time you saw him and give him a total.
“A: The first time really—
“[Defense Counsel]: No, sir, that’s not the question. Can you answer my question? Would the court reporter read back the question?
“(Last question read by the reporter.)
“A: I think it was more than a minute.
“Q: So your best judgment would be about a minute?
“A: Yeah.
“[Prosecutor]: I object, your honor, that’s a misstatement of what he said.
“THE COURT: He said it would be more than a minute. You have asked him if it was less, then you conclude that it’s about a minute. I think he has testified and the jury can add it up for themselves; let’s move on to something else.”
“The trial judge is vested with discretion in the conduct of a trial, and appellate courts will not interfere unless there has been an abuse of that discretion. The trial judge has a duty to move the testimony expeditiously along. Shelton v. State, 384 So.2d 869 (Ala.Cr.App.), cert. denied, 384 So.2d 871 (Ala.1980).” Tombrello v. State, 421 So.2d 1319, 1322 (Ala.Cr.App.1982). See also Thompson v. State, 503 So.2d 871, 878-79 (Ala.Cr.App.1986), affirmed, 503 So.2d 887 (Ala.1987), cert. denied, 484 U.S. 872, 108 S.Ct. 204, 98 L.Ed.2d 155 (1987). We find no abuse of discretion by the trial court.
Ill
The appellant argues that the trial court erred in denying his motion to strike the answer to a question propounded by the prosecutor, which the appellant argues was a leading question. The answer the appellant refers to is as follows:
“[Prosecutor]: Have you [the victim] ever identified anyone else to anybody else or thought that you had seen someone else that looked a lot like the guy that robbed you other than the man seated at counsel table?
“A: No.
“[Defense Counsel]: Object, that’s a leading question, move to strike his answer.
“THE COURT: I’m going to allow it.
“[Defense Counsel]: We except.”
The record indicates that the witness had previously on direct examination identified the appellant as the man who held the knife to his neck and took the cartons of cigarettes. He further stated that there was no doubt that the appellant was that man. Moreover, after the offense, he had identified the appellant in a photographic lineup as the man who had robbed him. He further testified that he was positive of the identification and that he did not “pick anyone else out as somebody who might have been the man.”
“Any question expressly or impliedly assuming a material fact not theretofore testified to, so that the answer may affirm such fact, is leading. Smith v. S.H. Kress & Co., 210 Ala. 436, 98 So. 378.” Ray v. State, 32 Ala.App. 556, 559, 28 So.2d 116, 118 (1946). “ ‘[T]he trial judge has discretion to allow some leading questions, especially since prior testimony is simply being repeated.’ Brown Mechanical Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932, 944 (Ala.1983). ‘Whether to allow or disallow a leading question is within the discretion of the trial court and except for a flagrant violation there will not be reversible error.’ Bradford v. Stanley, 355 So.2d 328, 331 (Ala.1978).” Lynn *357 v. State, 543 So.2d 704, 707 (Ala.Cr.App.1987), affirmed, 543 So.2d 709 (Ala.1988) cert. denied, — U.S. -, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989). Thus, leading questions may be allowed on direct examination, depending on the circumstances of the particular case. Certain subjects are especially conducive to a leading form, “ ‘else the counsel and witness cannot be made to understand each other,’ ” among them “ ‘[pjroof of ... personal identity.’ ” C. Gamble, McElroy’s Alabama Evidence § 121.05(2) (3d ed. 1977). The trial court did not abuse its discretion in allowing the question and failing to strike the witness’s answer.
IV
The appellant argues that there was a fatal variance between the indictment and the proof presented at trial. The appellant’s argument concerns count I of the indictment, which charges him with using force against Salim Suleiman in the course of committing a theft of approximately $275, the property of Patricia S. Bakshin, doing business as Clinton Avenue Grocery. The appellant argues that there was no proof of the amount of money taken, nor any proof that Patricia S. Bakshin was the owner of the grocery store or was doing business as Clinton Avenue Grocery.
“For an indictment to be valid, it ‘must clearly inform the accused of the offense with which he is being charged and must do so in language that is readily understood by the ordinary person.’ Thatch v. State, 432 So.2d 8, 10 (Ala.Cr. App.1983).” Hamm v. State, 564 So.2d 453 (Ala.Cr.App.1989). The indictment in the present case clearly charged the appellant with robbery in the first degree.
“ ‘There is no requirement in establishing a prima facie case of robbery that the property stolen belonged to the robbery victim.... There is no material variance between an indictment which charges that the property taken was the personal property of a named individual and proof showing that the property belonged to anoth-er_’ (citations omitted). Raines v. State, 429 So.2d 1104, 1106 (Ala.Cr.App.), affirmed, Ex parte Raines, 429 So.2d 1111 (Ala.1982), cert. denied 460 U.S. 1103, 103 S.Ct. 1804, 76 L.Ed.2d 368 (1983).” McKeithen v. State, 480 So.2d 36, 38 (Ala.Cr.App.1985) (wherein the indictment alleged that the stolen property belonged to Mansoor Butt, while the evidence indicated that Mansoor Butt and Farooq Janjua jointly owned the grocery store which was the scene of the offense and that some of the property was taken from Janjua).
Moreover, “the value of the property is an immaterial allegation in an indictment for robbery. Grace v. State, 431 So.2d 1331 (Ala.Crim.App.1982).” Brewer v. State, 497 So.2d 567, 569 (Ala.Cr.App. 1986). “[Wjhere testimony on the trial of a robbery charge as to the amount of money taken is not in accordance with the allegations of the indictment, such a variance is not fatal and is immaterial.” Sanders v. State, 289 Ala. 224, 266 So.2d 802, 806 (1972). In the present case, the victim testified that he estimated the amount of money taken as being between $275 and $300. The appellant was charged with taking approximately $275. Thus, there was no variance as to the amount.
The appellant was informed of the nature of the offense with which he was charged, so as to safeguard his constitutional rights. See Summers v. State, 348 So.2d 1126 (Ala.Cr.App.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978); Ex parte Washington, 448 So.2d 404 (Ala.1984).
V
The appellant argues that the trial court erred in denying his motion for a new trial. His argument seems to be based on the credibility of the victims’ testimony and identifications of him as the robber, as well as the weight of the evidence presented by the State.
“[Tjhis court will ‘not substitute its judgment for that of the jury, and when the evidence, if believed by the jury is sufficient to sustain a verdict of guilty, it is not error for the trial court to overrule the defendant’s motion for an acquittal, *358 and for a new trial.’ Cole v. State, 443 So.2d 1386, 1390-91 (Ala.Cr.App.1983); McConnell v. State, 429 So.2d 662 (Ala.Cr.App.1983); Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983). Moreover, the decision of the trial judge to deny a motion for new trial will not be disturbed unless there is a clear showing of abuse of discretion, and ‘this court will indulge every presumption in favor of the correctness of his ruling.’ Troha v. State, 462 So.2d 950, 952 (Ala.Cr.App.), reversed, Ex parte Troha, 462 So.2d 953 (Ala.1984), on remand, 462 So.2d 954 (Ala.Cr.App.1985). Perry v. State, 455 So.2d 999 (Ala.Cr.App.1984).”
Nichols v. State, 500 So.2d 92, 96 (Ala.Cr.App.1986).
“The testimony of the [robbery] victim alone may be sufficient to establish a prima facie case. Flowers v. State, 402 So.2d 1088 (Ala.Crim.App.), cert. denied, 402 So.2d 1094 (Ala.1981).” Brewer v. State, supra, at 569. In the present case, the first victim testified that he was held with a knife to his throat while two men took ten cartons of cigarettes and money from him. The second victim testified that he was threatened and held at knife point by two men who took approximately $275 to $300 from the cash register. Both victims identified the appellant as one of the robbers from a police photographic lineup and subsequently at trial. There was no evidence of any discrepancies in their identifications. Although the appellant argues that both victims were surprised and frightened; only had a limited time to observe the perpetrators; and originally described the attacker as a younger man, “ ‘[w]e have repeatedly held that it is the sole province of the jury to determine what credence should be given to testimony of witnesses going to the identity of an accused.’ ” Johnson v. State, 453 So.2d 1323, 1329 (Ala.Cr.App.1984), quoting Strickland v. State, 348 So.2d 1105, 1110 (Ala.Cr.App.), cert. denied, 348 So.2d 1113 (Ala.1977).
The testimony by the victims and their identifications were properly submitted to the jury for its consideration, and they sufficiently supported the verdict.
VI
The appellant alleges that he was improperly prejudiced by the trial court’s denial of his motion to sever the counts and to allow separate trials. However, the appellant argues no specific prejudice, but rather states that the fact that he was charged with two offenses would make an “irreversible impact upon the minds of the jury that [he] is more likely to be guilty.”
“An important policy behind both the State and federal rules governing joinder^ of offenses is that of trial convenience and economy of judicial and prosecutorial resources. United States v. Werner, 620 F.2d 922 (2d Cir.1980); Glanton v. State, 474 So.2d 154 (Ala.Cr.App.1984), rev’d on other grounds, 474 So.2d 156 (Ala.1985); Fed. R.Crim.P. Rule 8(a); A.R.Crim.P. Temp. 15.3(a), (b).” Langham v. State, 494 So.2d 910, 915 (Ala.Cr.App.1986). See also Averette v. State, 469 So.2d 1371, 1375 (Ala.Cr.App.1985).
“ ‘Although the risk of prejudice, either from the jury’s perception of evidentiary spillover or transference of guilt, exists in any joinder of offenses or defendants, the trial court weighs that risk against the interest of judicial economy. In reviewing improper denial of severance claims, courts of appeals require that the defendant demonstrate that the trial court abused its discretion by showing that the failure to sever resulted in compelling prejudice....’”
King v. State, 518 So.2d 880, 887 (Ala.Cr.App.1987), quoting Holsemback v. State, 443 So.2d 1371, 1377-78 (Ala.Cr.App.1983).
In the present case, the appellant has failed to meet this burden, as he has failed to cite any specific prejudice. We conclude that joinder was proper in this case. According to Rule 15.3(a), Alabama Temporary Rules of Criminal Procedure, two or more offenses may be joined if the offenses: “(i) are of the same or similar character; or (ii) are based on the same conduct or are otherwise connected in their commission; or (iii) are alleged to have been part of a common scheme or plan.” The two present offenses are of the same *359 or similar character and could be considered part of a common scheme, design, or plan. Both of these robberies occurred on the same day and both were robberies of convenience stores. Both involved two men, although it is not clear that the accomplice was the same man in each case, and in both cases the victim was instructed to open the cash register at knife point. “Certainly, the case at bar is a ‘classic case’ for joinder. See Butler v. State, 439 So.2d 210 (Ala.Cr.App.1983).” Crawford v. State, 485 So.2d 391 (Ala.Cr.App.1986).
VII
The appellant argues that he should be granted a new trial because, he says, he did not receive a fair and impartial trial. As reasons, the appellant provides a list of events which occurred prior to his trial in the presence of people who subsequently became members of his jury panel. The appellant submits:
“The panel observed the taking of a guilty plea in another ease, the arraignment of the defendant, conversations on a murder case, and its verdict, the court asking defendant what witnesses were going to be called thereby directing attention to the fact that the defendant may or may not testify, the discussions between the parties, the court’s comments to the panel and requiring defendant to proceed to trial on both charges, which, when taken all together, prevented defendant from receiving a fair and impartial trial.”
The appellant has failed to cite any legal authority in support of his argument. “Arguments not based on any legal authority have the same effect as if no argument had been made, and the argument will be deemed waived.” Vinzant v. State, 462 So.2d 1037, 1039 (Ala.Cr.App.1984) (citations omitted). See also Johnson v. State, 500 So.2d 494 (Ala.Cr.App.1986).
AFFIRMED.
All Judges concur.